Maloy William Bronson, Plaintiff-Appellant, v. Washington National Insurance Company, an Illinois Corporation, Defendant-Appellee.

Gen. No. 64-130.

Second District.

May 11, 1965.

Smith & McCracken, of Geneva, for appellant.

Alschuler, Putnam & McWethy, of Aurora (Sam Alschuler, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

At issue in this case is the meaning and effect of the incontestibility clause of defendant's disability insurance policy, which provides:

> "Time Limit on Certain Defenses: (a) After two years from the policy date no misstatements made by the Insured in the copy of the application for this policy shall be used to void the policy or deny a claim for loss incurred or disability (as defined in this policy) commencing after the expiration of such two-year period."

Section 357a(1)(b) of the Insurance Code (Ill Rev Stats 1963, c 73, par 969a(1)(b)), upon which said clause is predicated, provides in pertinent part:

"969a Accident and Health Policy Provisions.

"(1) Required Provisions

"Except as provided in paragraph (3) of this section each such policy delivered or issued for delivery to any person in this state shall contain the provisions specified in this subsection in the words in which the same appear in this section;
. . .

"(b) A provision as follows:

" 'TIME LIMIT ON CERTAIN DEFENSES: (i) After three years from the date of issue of this policy no misstatements except fraudulent misstatements, made by the applicant in the application for such policy shall be used to void the policy or to deny a claim for loss incurred or disability as defined in the policy) commencing after the expiration of such three year period.' "

Plaintiff brought this action on October 17, 1963, seeking a declaratory judgment that he is entitled to recover benefits under the disability insurance policy issued by defendant to him, on January 27, 1961, and to keep said policy in full force and effect. The amended complaint alleged that plaintiff became totally disabled on October 30, 1962, less than two years from the policy date; that defendant notified plaintiff on April 26, 1963, that it would discontinue the acceptance of premiums and the policy would remain in force and effect only until May 26, 1963; that more than two years had passed since the policy date; that defendant had taken no affirmative action within said two-

255

year period to contest the policy; and that it was now estopped to do so.

Defendant filed a motion to dismiss the amended complaint, relying on an affidavit stating that the plaintiff had been hospitalized for chronic alcoholism on at least eight occasions in the year prior to the issuance of the policy, although plaintiff's application for the policy denied that he had been hospital-confined, or had been under observation, or had medical or surgical advice or treatment during the previous five years. Defendant's motion relied specifically on the fact that plaintiff's disability commenced less than two years after the date of the policy; that plaintiff made material misstatements in his application for insurance; and that defendant exercised its option to refuse to accept a renewal premium on the policy, as permitted under the terms of the policy. Defendant prayed that the complaint be dismissed because: (a) the policy was terminated by defendant's refusal to accept premiums, and (b) plaintiff had no right to recover benefits for a claim which commenced within two years of the policy date, because there were material misstatements in his application.

The trial court entered a judgment order dismissing the second amended complaint, with prejudice, at plaintiff's costs. Said order made findings which were substantially based on the allegations of defendant's motion to dismiss.

Plaintiff urges that any ambiguity in the policy should be construed favorably to him; that in view of defendant's failure to bring a court action to cancel or rescind the policy within two years of its date, the defendant cannot now raise the defense of misrepresentation and fraud; and that we should construe the incontestability clause of this disability policy in the same manner, and upon the same principles, as incontestability clauses in life insurance policies.

Defendant asserts that the material misstatements in plaintiff's application for disability insurance are a complete defense to plaintiff's claim for loss, which commenced within two years of the date of the policy; and that the policy provides that defendant may cancel it by refusal to accept premiums.

The incontestability clause of the insurance policy is without counterpart in any other type of contract. Since the inception of its use, it has been a major source of litigation. Such clauses vary from state to state, and from life policies to policies for accidental death benefits, disability benefits, accident and sickness benefits and the like. While there is a substantial body of law relative to the incontestability clauses of life insurance contracts, litigation has not been so extensive concerning such clause in other types of policies. No Illinois cases have been cited, and we find none, construing such clause in a disability contract.

The clause under consideration is substantially that required by statute. Thus, it is not the product of defendant's draftsmanship, but rather that of legislative enactment. Consequently, the general rule of construction that an insurance contract, in case of ambiguity, should be liberally construed to effect the intention of the parties and the purpose for which the contract was made, as set forth in Jackson v. Country Mut. Ins. Co., 41 Ill App2d 300, 305, 190 NE2d 490 (3rd Dist 1963); and Caster v. Motors Ins. Corp. 28 Ill App 2d 363, 366, 171 NE2d 425 (4th Dist 1961), has no application. Ramsey v. Old Colony Life Ins. Co. 297 Ill 592, 597, 131 NE 108 (1921); Gallopin v. Continental Cas. Co., 290 Ill App 8, 11, 7 NE2d 771 (1st Dist 1937); Greenhaus v. American Progressive Health Ins. Co., 33 Misc2d 280, 225 NYS2d 590, 592 (Sup Ct 1962); 22 Ill Law and Practice (Insurance), sec 150, p 200.

The incontestability clause of both the policy and statute contain two alternative provisions, which differ

only in the time specified. The alternatives are: (1) After two years from the policy date, no misstatements made by the Insured in the copy of the application, shall be used to void the policy; or, (2) after two years from the date of the policy, no misstatement made by the insured in the application for policy shall be used to deny a claim commencing after the expiration of the two year period.

██ We have not been furnished with legislative history or other extraneous material which indicates the intent of the legislature in connection with the enactment of this statute. In construing this clause, we must remember that this is not only the language of the policy but also that of the statute. Under these circumstances, we have no power to rewrite the statute or the contract; we must construe these provisions as they are, regardless of our opinion regarding the desirability of the results produced thereby. Belfield v. Coop, 8 Ill2d 293, 306, 307, 134 NE2d 249 (1956); Lentin v. Continental Assur. Co., 412 Ill 158, 162, 163, 105 NE2d 735 (1952); Moscov v. Mutual Life Ins. Co. of New York, 387 Ill 378, 383, 56 NE2d 399 (1944); Hankenson v. Board of Education of Waukegan Tp., 10 Ill App2d 79, 92, 93, 134 NE2d 356 (2nd Dist 1956).

Plaintiff asks that we construe this incontestability clause in the same manner that we have construed such clause in life insurance contracts. Powell v. Mutual Life Ins. Co. of New York, 313 Ill 161, 144 NE 825 (1924); Ramsey v. Old Colony Life Ins. Co. 297 Ill 592, 131 NE 108 (1921); Link v. Mutual Life Ins. Co. of New York, 234 Ill App 250 (2nd Dist 1924). However, the statutes requiring the policy clauses are different, as may readily be seen by examination of the pertinent part of section 224 of the Insurance Code (Ill Rev Stats 1963, c 73, par 836), to wit:

"836 . . . Standard Provisions for Life Policies
(1) After the first day of July, 1937, no policy of

life insurance other than industrial, group or annuities and pure endowments with or without return of premiums or of premiums and interest, shall be issued or delivered in this State, unless the same shall contain in substance the following provisions: . . . "(c) A provision that the policy, . . . after it has been in force during the lifetime of the insured a specified time, not later than two years from its date, it shall be incontestable except for non-payment of premiums and except at the option of the company, with respect to provisions relative to benefits in the event of total and permanent disability, and provisions which grant additional insurance specifically against death by accident and except for violations of the conditions of the policy relating to naval or military service in time of war or for violation of an express condition, if any, relating to aviation, (except riding as a fare-paying passenger of a commercial air line flying on regularly scheduled routes between definitely established airports) in which case the liability of the company shall be fixed at a definitely determined amount not less than the full reserve for the policy and any dividend additions; provided that the application therefor need not be attached to or made a part of any policy containing a clause making the policy incontestable from date of issue."

This incontestability clause is a limitation as to the time within which, and the ground on which, the validity of the policy may be questioned. The exception for violation of the conditions of the policy relative to naval or military service and certain aviation hazards are exclusions of such risks from full coverage.

 Without the benefit of legislative history or other material, indicating that the legislature intended that the incontestibility clause of disability insurance

contracts should be construed the same as life insurance contracts, such intent must be gleaned from the language of the two statutes. They deal with the same subject matter—incontestability: they are in pari materia and should be construed together. The People v. Chicago & N. W. Ry. Co. 11 Ill2d 99, 106, 142 NE2d 26 (1957); The People ex rel. Bell v. New York Cent. R. Co. 10 Ill2d 612, 621, 141 NE2d 38 (1957). Section 224 of the Code was a part of the original enactment of 1937, while section 357a was added by amendment in 1951. "It is a primary rule of statutory construction that not only should the intention of the legislature be deduced from a view of the whole statute and from its every material part, but statutes in pari materia should be construed together." The People v. Chicago & N. W. Ry. Co., supra.

The prescribed incontestability clause of the statute pertaining to life insurance contracts renders the validity of the policy incontestable after two years from its date, except for the nonpayment of premiums, with certain risks excepted from coverage. Such is not the case with reference to the incontestability clause for disability contracts, as required by statute. The first alternative clause in unambiguous language, renders the validity of the policy uncontestable, due to misstatements, after a prescribed time. The second alternative clause, in similar language, restricts this broad incontestability provision to preclude an insurer from raising the defense of misstatement in the application after two years from the date of the policy, in defense of a claim by the insured based on disability which commenced after such two-year period. Both plaintiff and defendant agree that plaintiff's disability occurred within two years from the date of the policy.

We must concede that there may have been policy reasons which impelled the legislature to provide

a broader incontestability clause for life contracts than for disability contracts, such as the fact that the majority of substantial life insurance policies are issued after medical examination of the applicant, while disability policies are commonly issued without medical examination.

■■ In view of the striking dissimilarity of the language in the two statutes, we construe the second alternative of the incontestability clause of the disability contract to limit the first alternative, and to provide that the defendant insurance company may not raise a defense of misstatement in the application, after two years from the policy date, in defense of a claim by the insured, based on a loss incurred or disability which commenced after the expiration of such two-year period. Conversely, the defendant may raise a defense of misstatement, after two years from the date of the policy, against claims commencing before the expiration of such two-year period. To this extent, the second alternative subverts the purpose of incontestability and permits a contest as to the validity of the policy, based on a misstatement, after two years from the date of the policy. However, had the legislature intended that the insurer be precluded from raising a defense of misstatement after two years from the policy date, against claims arising within said two-year period, it could have so provided. Whether such involuted qualifications represent good policy considerations, is a legislative, not a judicial, question. The duty of this court in construing this statute is appropriately stated in Belfield v. Coop, 8 Ill2d 293 (1956), at page 307, 134 NE2d 249 where the Court stated:

"The only legitimate function of the courts is to declare and enforce the law as enacted by the legislature, to interpret the language used by the

261

legislature where it requires interpretation, and not to annex new provisions or substitute different ones, or read into a statute exceptions, limitations, or conditions which depart from its plain meaning. (People v. Boreman, 401 Ill 566; Wall v. Pfanschmidt, 265 Ill 180.)"

The judgment order of the trial court is therefore affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.