315 So.2d 219 (1975)
AETNA LIFE & CASUALTY COMPANY, Appellant,
v.
Margaret M. THORN et al., Appellees.
No. 74-695.
District Court of Appeal of Florida, Third District.
March 11, 1975.
Rehearing Denied July 11, 1975.
Stephens, Magill, Thornton & Sevier, and Victor Womack, Miami, for appellant.
Sepler & Sussman and Irma V. Herenandez, Hialeah, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Plaintiff-appellant seeks review of an adverse final judgment on its action for rescission of an insurance policy.
In 1971 defendant-appellee, Margaret M. Thorn, applied for a health insurance policy with plaintiff-appellee, Aetna Life & Casualty Company, for herself and her children. On June 7, 1971 an agent of Aetna, William O'Neil, visited Mrs. Thorn at her residence and asked Mrs. Thorn the questions on the application. He wrote down Mrs. Thorn's responses, had Mrs. Thorn sign the application and submitted it to Aetna, the appellant. Appellant insurer issued two policies of insurance effective June 7, 1971. In 1972 Mrs. Thorn's son was hospitalized for an adjustment reaction of adolescence. Appellee, Mrs. Thorn, submitted a claim therefor which appellant insurer paid as there was no prior psychiatric history indicated on the policy application and the claim reflected that the psychiatric problems had commenced in January 1972.
Thereafter, in July 1972 Mrs. Thorn's son was admitted to Jackson Memorial Hospital and was diagnosed as schizophrenic. Defendant-appellee, Mrs. Thorn, made a claim under the policy therefor and plaintiff-appellant, Aetna, proceeded to investigate and as a result thereof discovered a long prior psychiatric history of Mrs. Thorn's son. Thereupon, Aetna denied the claim and on June 7, 1973 filed the instant action for rescission of the policy against Mrs. Thorn based upon the incontestability clause contained in the policies. Mrs. Thorn answered and counterclaimed seeking to recover the expenses of the medical *220 care and treatment of her son. The cause proceeded to a nonjury trial at the commencement of which counsel for the respective parties entered into a stipulation to the effect that should plaintiff insurer fail to prevail on its complaint for rescission then defendant, Mrs. Thorn, would be entitled to recover on her counterclaim. At the trial there was conflicting testimony presented as to whether Mrs. Thorn had informed Aetna's agent, Mr. O'Neil, that her family had psychiatric problems, including her son. After the conclusion of the trial, the judge entered final judgment against plaintiff insurer on its complaint for rescission and in favor of defendant, Mrs. Thorn, on her counterclaim. The judgment read in part as follows:
"ORDERED AND ADJUDGED, as follows:
"2. That at the close of the Plaintiff's case the Defendants moved for directed verdict and the Court reserved ruling on same. It is hereby the Finding of this Court that Defendants' Motion for Directed Verdict be and the same is hereby granted. The court finding that the only cause of action available to the Plaintiff is for fraudulent mis-statements pursuant to the provisions of the subject insurance policies, and that the instant law suit was filed more than two years from the date coverage under the subject policies commenced; and that the Plaintiff failed to prove that the Defendant, MARGART THORN, was guilty of uttering any fraudulent mis-statements to the Plaintiff, or any of its agents, servants or representatives with respect to the subject applications of insurance nor in the obtainment by her of the insurance policies aforementioned and, therefore, Plaintiff's prayer for relief is hereby denied and Plaintiff shall go hence without day.
"3. That Final Judgment be and the same is hereby entered in favor of the Defendants/Counter-Plaintiffs and against Plaintiff/Counter-Defendant with respect to the Defendants' Counterclaim. The Plaintiff is indebted to the Defendants in the amount of $6,754.09 together with interest from December 1, 1972 for which let execution issue according to law."
Plaintiff, Aetna Life & Casualty Company, appeals therefrom.
Plaintiff-appellant first contends that the trial court erred in applying the limitation of the "incontestability clause" as regards both the direct action and the counterclaim because the loss occurred within the two year period specified in the policies, thus tolling the running thereof. We cannot agree.
The subject clause reads as follows:
"TIME LIMIT ON CERTAIN DEFENSES: (a) After two years from the date the coverage under this Policy commences with respect to any Covered Person no misstatements, except fraudulent misstatements, made by the applicant in the application for coverage under this Policy with respect to such person shall be used to void this Policy or to deny a claim for loss incurred with respect to such person after the expiration of such two-year period."
After reading the above clause which is unambiguous, it is abundantly clear that as of June 7, 1971, the effective date of the policies, the two year period thereunder began to run and, therefore, appellant's action for rescission filed on June 7, 1973 was untimely. See Prudential Insurance Company of America v. Rhodriquez, Fla. App. 1973, 285 So.2d 689. Thus, we cannot accept appellant's interpretation of the above clause that the July 1972 claim tolls the running of the two year period and, therefore, this point of appellant must fail. We also considered appellant's remaining two points on appeal and find them lacking in merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.

ON PETITION FOR REHEARING
*221 Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant in its petition for rehearing basically contends that although the subject incontestability clause may have precluded appellant from prevailing on its action of rescission, appellant still has the right to avoid coverage on claims like the claim in the case sub judice which occur prior to the expiration of the two year period. As authority petitioner cites this court to Bronson v. Washington National Insurance Company, 59 Ill. App.2d 253, 207 N.E.2d 172 (1965) and Taylor v. Metropolitan Life Insurance Company, 106 N.H. 455, 214 A.2d 109 (1965) which with respect to similar incontestability clauses hold that where the loss occurred during the two year period, denial by the insurer is allowed although the action was filed past the two year period.
These two cases are distinguishable from the case at bar in that the courts in both Brown and Taylor in effect were interpreting state statutes which contained the same language as the subject incontestability clauses involved therein and were applying the rules of statutory interpretation.
In the cause before us, we are presented with the issue of the interpretation of an incontestability clause in an insurance contract and this clause being susceptible of two interpretations, we choose to construe it strictly and most strongly against the appellant insurer and liberally in favor of the insured, i.e. that interpretation which will sustain the claim for indemnity is being adopted. See 18 Fla.Jur. Insurance § 407 (1971) and cases cited therein.
Secondly, at the onset of the trial in the instant case, counsel for the respective parties entered into a stipulation to the effect that should appellant insurer fail to prevail on its complaint for rescission, then defendant would be entitled to recovery on her counterclaim. The incontestability clause having barred appellant from rescinding or voiding the subject insurance policies, the above in court stipulation then precluded appellant from denying defendant's specific claim of loss contained in her counterclaim.
Thirdly, appellant's complaint was based upon the alleged fraudulent misstatements of the defendant. However, the trial judge found that appellant failed to prove that defendant was guilty of uttering any fraudulent misstatements.
Accordingly, the petition for rehearing must be and is denied.
Rehearing is denied.