**Geralene SUTTON, Appellant,**

v.

**AMERICAN HEALTH & LIFE INSURANCE COMPANY, Appellee.**

No. 81–1133.

United States Court of Appeals, Fourth Circuit.

Argued June 2, 1981.

Decided July 13, 1982.

---

Parker E. Cherry, Richmond, Va. (George C. Cherry, Purcell, Cherry, Kerns & Abady, Richmond, Va., on brief), for appellant.

Randolph P. Tabb, Jr., Richmond, Va. (Taylor, Hazen, Kauffman, Libscomb & Smith, Richmond, Va., on brief) for appellee.

Before WIDENER, HALL and ERVIN, Circuit Judges.

WIDENER, Circuit Judge:

This appeal follows a jury trial in the United States District Court for the Eastern District of Virginia. Appellant Geralene Sutton brought an action against American Health and Life Insurance Company (American) for the reinstatement of a disability insurance policy, which the insurer had canceled due to alleged misrepresentations in the application by Mrs. Sutton. The jury found for the insurer, and Mrs. Sutton appeals from judgments on the verdicts on account of the jury instructions given by the court below. We vacate and remand for a new trial.

Mrs. Sutton filled out an application for disability insurance at a teachers' conference in November 1976 and was issued a certificate of insurance through a group policy by American on December 8, 1976. On June 27, 1977, she was involved in an automobile accident that rendered her totally disabled within the terms of the insurance policy. The insurer paid her disability benefits of $1000 per month from July 13, 1977 to October 12, 1978. Payments were stopped at that time pending an investigation of Mrs. Sutton's representations with respect to "health history" in the application for insurance, in that the insurer had information that she was receiving "medical attention" at the time she applied for the policy, which she apparently was not. Other insurance coverage was not mentioned. In a letter of January 2, 1979, the insurer informed Mrs. Sutton that payments would not be renewed until the investigation was complete. The letter took pains to assure Mrs. Sutton that "this letter in no way represents a denial of further benefits." Not until its subsequent letter of May 30, 1979 did American cancel Mrs. Sutton's policy and demand reimbursement of the $15,000 it had paid in benefits, less the premiums she had paid. The reasons then given were failure to reveal health history and failure to reveal other insurance.

As noted, the cancellation of the policy was based on Mrs. Sutton's responses to questions about other insurance coverage and medical history. She indicated on her application for insurance that she had one other "salary protection" policy, though she in fact had four other disability policies, including the one other "salary protection" policy. She also denied having undergone medical treatment during the past five years. The stipulated facts showed that she had been hospitalized for nearly a month following an accident in June 1973 and that

she continued to receive treatment for headaches for over a year following her release from that hospitalization. American does not argue here that the previous accident had any connection with her present disability.

The court below found as a matter of law that the answers to the questions regarding other disability coverage and medical history were material. The judge charged the jury that they should deny recovery to Mrs. Sutton if the insurance company proved by a preponderance of the evidence that the answers were false, considering "the nature of the questions asked in the application, and what that question would have meant to a reasonable person applying for insurance." The court further instructed the jury that "a true answer is understood simply as an honest, sincere, and not purposefully false [one]." Mrs. Sutton objected to this instruction, offering instead an instruction that, after the policy had been in effect for two years, it could only be voided for "a fraudulent misstatement made by plaintiff in the application." The proposed instruction further charged that the defendant had the burden to prove that the plaintiff "intentionally and knowingly made false answers [to the questions] with the intent to mislead the defendant."

The question before us on appeal is whether the district court erred in giving the jury instructions that any misstatements by Mrs. Sutton in her application need not have been fraudulent. We hold that it erred.

Under Va.Code § 38.1–349, every insurance policy is required to include the substance of the following incontestable clause:

TIME LIMIT ON CERTAIN DEFENSES: (a) After two years from the date of issue of this policy, no misstatements, except fraudulent misstatements, made by the applicant in the application for such policy shall be used to void the policy or to deny a claim for loss incurred or disability (as defined in the policy) commencing after the expiration of such two-year period.

An insurance company may substitute its own language for that prescribed by statute as long as the substitute provision is not less favorable in any respect to the insured. Va.Code § 38.1–349. American chose to include the following provision rather than the statutory provision:

[N]or shall any such statement of the Policyholder, except a fraudulent misstatement, be used at all to void the policy after it has been in force for two years from the date of its issue, nor shall any such statement of any Insured eligible for coverage under the policy, except a fraudulent misstatement, be used at all in defense to a claim for loss incurred for disability (as defined in the policy) commencing after the insurance coverage with respect to which claim is made has been in effect for two years from the date it became effective.

Under the terms of the insurance policy, the "Policyholder" was the Trust for Insuring Educators, the holder of the master policy. Thus, the first part of the policy's incontestable clause, barring the use of any but fraudulent misstatements to void the policy after it had been in effect two years, only applied to misrepresentations by the "Policyholder" rather than the individual applicants. Since the Virginia statute requires that the insurance policy be incontestable except for fraudulent misstatements by the *applicant*, the statutory provision must be read into the contract. Va. Code § 38.1–349.

The statutory incontestable clause of Va. Code § 38.1–349 has not been construed by the Virginia court. It did, however, interpret a similar provision in *United Security Life Insurance & Trust Co. v. Massey*, 159 Va. 832, 164 S.E. 529 (1932), *rev'd on rehearing*, 159 Va. 832, 850, 167 S.E. 248 (1933). That case may be more than usually persuasive because of the opinion on rehearing which overruled a previous decision in the same case in favor of the insurance company. In *Massey* an applicant for a life insurance policy had stated in his application that he was a lawyer, when, in fact, he was a railway employee, which the

court recited was a material misstatement and untrue, which made the policy voidable from its inception under Virginia Code of 1919, Section 4220. Under Virginia Code of 1919, Section 4228, however, the policy was not contestable "for any cause after one year from the date thereof." The court held that despite the provisions of Section 4220 of the Code that the defense of the untrue statement in the application was not available to the company after one year from the date of the policy because of Section 4228. Its reasoning was stated in the opinion: "The company had one year in which to ascertain the facts and to act thereon. Having failed to act, it must forever after hold its peace. The statute does not deal with rights of litigants but is one of limitation wisely conceived and to be liberally construed [citation omitted]. If it did not apply to false warranties and to conditions broken, it would be of little value. We are unwilling to fritter it away." 159 Va. at 854, 164 S.E. 529.

█ In the present case, American could only void the policy after the two-year period had elapsed if any misstatements in the application were fraudulent. Va.Code § 38.1–349. It had two years "in which to ascertain the facts and to act thereon" and did not do so. Though American stopped payments within the two-year period, it took pains not to cancel the policy until May 30, 1979, after the two-year period had expired. Indeed, American's letter of January 2, 1979 fully demonstrates that it considered the policy to be still in force at that time, although the two-year period had already elapsed.

American also argues that the two-year limitation should not be applied because the disability arose before the policy had been in effect two years and that it therefore had a right to deny the claim because of material misrepresentations. This argument fails, however, because American can only deny the claim by rescinding the contract.[1] As the New Jersey Supreme Court explained when construing a statute identical with the one in question (except for the time period) in the factually similar case of *Johnson v. Metropolitan Life Insurance Co.*, 53 N.J. 423, 251 A.2d 257:

> When a claim is denied because of misrepresentations in the application for insurance the thesis can only be that the insurer has rescinded the contract on that account.

> \*   \*   \*   \*   \*   \*

> . . . Hence when the provision speaks of the voiding of the contract after two years, it necessarily deals with a rescission made to defend against a claim for disability whether the disability arose within or after the two-year period. It means that after two years the insurer cannot avoid liability for a disability which commenced within the two-year period "except for fraudulent misstatements."

251 A.2d at 266.

We believe that the Virginia statute should be interpreted similarly.

The *Johnson* case was followed by the Tenth Circuit in *Commercial Insurance Company of Newark, New Jersey v. Smith*, 417 F.2d 1330 (10th Cir. 1969), construing a Colorado statutory provision identical to the one before us, even to the term of years required for incontestability. In *Smith*, the defense of the insurer was that the insured had a serious eye disease at the time he made the application and knew of it, although, in response to a question, he had answered that he was in good condition physically. *Johnson* is on all fours with the case before us, and *Smith* is similar. We find *Johnson* to be persuasive, and we follow that case. The New Jersey court observed that "the purpose of a clause placing a time limit on challenges to the insurance application is to give security to the policyholder, and sensibly that purpose is achieved by measuring the period of contest

---

1. By suing for reimbursement of the disability payments already received by Mrs. Sutton and by offering to refund the premiums she paid, American can only be held to have been attempting to rescind the contract. In the case before us, this is merely an additional fact supporting our decision.

from the date of the issuance of the policy rather than from the date when a disability happens to occur." 251 A.2d at 266–267. This reasoning is essentially the same as that of the Virginia court in *Massey* which we have quoted above, that the insurer has a statutory period in which to ascertain the facts and act thereon, and failing so to do it will not be heard to assert defenses precluded by a statute of incontestability.

The New Jersey court in *Johnson* has pointed out that the statute involved is the Uniform Individual Accident and Sickness Policy Provisions Law approved by the National Association of Insurance Commissioners on June 15, 1950, and that it was advised that the statute was so worded because it was all the draftsmen could agree upon. That court's observation that the statute is unhappily phrased is at once apparent. Because any defense made to a claim of disability commencing within two years on account of statements made in the application must necessarily go to the validity of the policy, the first part of the statute must control the latter part, or the latter part must control the first. The *Johnson* case reasoned that the first part governed, for permitting the latter part to govern the first would run against the sense of an incontestable clause, and we agree. As we have pointed out, *Johnson* was followed by the Tenth Circuit in *Smith*. The intermediate appellate court in Illinois, in *Bronson v. Washington National Insurance Company*, 59 Ill.App.2d 253, 207 N.E.2d 172 (1965), however, did construe a like statute in the manner sought by the insurance company in this case, holding that

the latter part of the statute controlled the first, rather than the first the latter. In *Taylor v. Metropolitan Life Insurance Company*, 106 N.H. 455, 214 A.2d 109 (1965), the court construed the same statutory provision, which was also included in the policy in question in that case, somewhat differently than either *Johnson* or *Smith* or *Bronson*. While the case held that if the disability had commenced within two years the insurer could raise the defense of a non-fraudulent misstatement in the application, the holding of the court was based solely on the fact that it did not construe the statute as one of incontestability because it did not contain the word "incontestable," 214 A.2d at 115, and indicated that had the statute been construed as an incontestable statute that it would have required "... a contest by litigation within ... [the statutory] period either in the form of an action brought by the insurer or a defense made by it to an action of the insured." 214 A.2d at 115. Especially in view of *Massey*, we are of opinion the Virginia court would follow *Johnson* rather than *Bronson*.[2]

■ American further argues that the instruction given by the court was based on its interpretation of Va.Code § 38.1–336, which allows an insurance company to deny recovery on the basis of false, material statements by the insured. Mrs. Sutton replies that § 38.1–349 as it applies limits the period during which § 38.1–336 may be used to two years from the date of issue of the policy. Section 38.1–336 is the same as § 4220 of the Code of 1919. In *Massey* the Virginia court held that § 4220 was limited by § 4228, a statute of incontestability, so

2. Note, 27 NYU L.Rev. 670 (1952), on the drafting of the statute in question, explains that a disability within two years does not toll the running of the first part of the statute as the insurance company here suggests that it should; rather, the latter part serves to prevent a claimant who has suffered a disability within the two-year period from refraining from reporting the disability until after the two-year period has run and then asserting his claim. In such a case, the insurance company would be allowed to defend on the ground of material misstatements in the application although not fraudulent. It is not necessary for us to decide that question here, however, because Mrs. Sut-

ton promptly reported her disability well within the two-year period, and the insurance company had ample time to act long before the two-year period had run. Thus, the question to which the law review note refers, that of a disability within the two-year period but one reported after the two-year period, is not before us for decision, and we express no opinion on that question. We decide only that a disability occurring within the two-year period and which is reported within the same period does not make ineffective the incontestable provisions of the first part of the statute and make the latter part control the first.

we think that the defendant's argument is foreclosed by the *Massey* decision. 159 Va. at 854, 164 S.E. 529.

We think the district court erred in failing to instruct the jury that any misstatements in the application which were relied upon by the defendant must have been "fraudulent misstatements" in accordance with § 38.1–349 of the Code.[3]

Our decision with respect to the instructions on the main case necessarily carries with it the judgment in favor of the defendant on its counter-claim.

The judgments of the district court are vacated and the case is remanded for a new trial with instructions not inconsistent with this opinion.

VACATED AND REMANDED.

---

**3.** Neither the precise form nor substance of the plaintiff's proffered instructions are before us for decision, and, as to them, we express no opinion.