## YOST, etc. v DOLPHIN MARINE CONSTRUCTION, INC., etc., et al.

### Case No. 84-5005 CA(L) H

Fifteenth Judicial Circuit, Palm Beach County

November 4, 1985

### APPEARANCES OF COUNSEL

**Wallace McCall** for plaintiff, Kermit Yost.

**Wayne T. Gill** for defendants, Eugene L. and Timothy Wehage, Dolphin Marine.

**Samuel Tyler Hill** for intervenor, Allstate Insurance Company.

**Chester Brewer, Jr.** for Vincent Wehage.

**Frank W. Weathers** for defendant, Dolphin Marine Construction, Inc.

**John P. Tynan** for defendants, Eugene L. and Timothy Wehage (crossclaim only).

**Robert H. Steedle** for defendant, Timothy Wehage.

**Robert D. McAliley** for intervenor, Auto Owners Insurance Company.

## OPINION OF THE COURT

RICHARD I. WENNET, Circuit Judge.

### DECLARATORY JUDGMENT

The Intervenor, ALLSTATE INSURANCE COMPANY, filed its Petition for Declaratory Decree, pursuant to Fla. Stat. Chapter 86, seeking judicial determination of whether or not a personal umbrella liability insurance policy written by that company provided coverage for the benefit of the Defendants, EUGENE L. WEHAGE and TIMOTHY WEHAGE. Answers and Affirmative Defenses were filed by the Plaintiff, KERMIT YOST, as Personal Representative of the Estate of BARBARA A. YOST, deceased, and by the Defendants, EUGENE L. WEHAGE and TIMOTHY WEHAGE.

This coverage question was severed from the main action and was tried by the Court, sitting without a jury, on October 17, 1985, pursuant to agreement by the parties.

At trial, the umbrella policy was admitted in evidence as Exhibit #1. The parties also presented other documentary evidence as well as the testimony of Debbie Coppola, an employee of ALLSTATE who was instrumental in writing the underlying coverage; EUGENE WEHAGE; TIMOTHY WEHAGE; and JUDITH WEHAGE.

Based upon the evidence presented, the Court finds as follows:

1. EUGENE WEHAGE is the President and owner of Dolphin Marine Construction, Inc. His wife, JUDITH, is Secretary/Treasurer of that corporation and his son, TIMOTHY, is an employee. The business of Dolphin Marine Construction, Inc. is building seawalls and docks. In order to carry out its business functions, the company uses a jet pump to install the sea walls and pilings; a barge with an A-frame type lift; hand tools; and a concrete pump. The 1978 Dodge pickup truck which was involved in the accident is used only incidentally by the company to transport men and materials to and from the job sites. The truck itself is not involved in the actual construction and installation of the sea walls, docks and pilings.

2. At the time and place of the accident, the 1978 Dodge pickup truck was towing a flatbed trailer carrying form lumber, steel reinforcing rods, and other construction materials from a construction site to a storage yard. It was during this trip that the trailer became disengaged, struck BARBARA YOST'S car, and caused her to suffer fatal injuries.

3. TIMOTHY WEHAGE was a resident of the same household as

**21**

his father on the date of the accident and, accordingly, TIMOTHY WEHAGE, is an additional insured under the umbrella policy.

The issues in this case center around the interpretation of paragraphs one and three contained on page four of Exhibit #1.

Paragraph one provides that, "Functions in a trade, occupation or profession, other than farming, are not covered". Paragraph three provides that coverage does apply, "to an occurrence arising out of the occupancy of a vehicle by an insured for transportation". This paragraph, however, goes on to state that the operation of a vehicle is not covered, "if the insured's trade, occupation or profession primarily involves the operation of that conveyance".

It is this third paragraph which is determinative of the coverage question since the Court is of the opinion that there is no ambiguity between paragraph three and any other provisions of the contract.

ALLSTATE interprets this provision as meaning that if a particular vehicle is used primarily in the business of the insured, then coverage does not apply should that vehicle be involved in an accident. KERMIT YOST and the WEHAGES contend that this provision provides coverage to any vehicle owned or operated by an insured so long as the insured's trade, occupation, or profession does not primarily involve the operation of that vehicle. In other words, ALLSTATE contends that it is the particular use of the particular vehicle involved in the accident which is controlling; the Plaintiff and Defendants contend that it is the particular trade, occupation or profession of the insured which is determinative.

Any exclusionary clause in an insurance policy or any clause which attempts to limit coverage must be resolved in favor of the beneficiary of that policy and against the insurer. *General Accident Fire and Life Assurance v. Kellin*, 391 So.2d 305 (Fla. 4th DCA 1980); *Collins v. Royal Globe Insurance Co.*, 368 So.2d 941 (Fla. 4th DCA 1979).

Where the terms of an insurance policy are ambiguous, equivocal, or uncertain, such provisions must be construed most strongly against the insurer and most liberally in favor of the insured. *Ellenwood v. Southern United Life Insurance Co.*, 373 So.2d 392 (Fla. 1st DCA 1979); *Travelers Indemnity Co. v. Kassner*, 322 So.2d 80 (Fla. 3rd DCA 1975); *Aetna v. Thorn*, 315 So.2d 219 (Fla. 3rd DCA 1975).

Where the terms of an insurance policy are susceptible of two interpretations, that interpretation which sustains the claim for coverage or which allows the greater coverage must be adopted. *DaCosta v. General Guaranty*, 226 So.2d 104 (Fla. 1969); *Government Employees v. Sweet*, 186 So.2d 95 (Fla. 4th DCA 1966).

In light of this case law, the Court is compelled to accept the interpretation urged by counsel for the Plaintiff and counsel for the Defendants, EUGENE L. WEHAGE and TIMOTHY WEHAGE. While this truck was, apparently, primarily used in the business of the insured, the insured's business did not primarily involve the use of the truck. The Court likens this situation to that of an attorney driving to the courthouse in order to attend a hearing. While that attorney would clearly be within the course and scope of his profession as a lawyer, the operation of his automobile is not a primary function of that profession, and coverage would therefore apply. The court feels that there is no distinction between an attorney traveling to and from the courthouse and a contractor traveling to and from the construction site.

The Court further finds that the policy in question applies equally to the trailer since it was hitched to the truck immediately prior to its disengagement.

The Court specifically rejects the waiver and estoppel arguments presented by counsel for EUGENE and TIMOTHY WEHAGE and finds coverage based solely upon the interpretation of the language contained in the policy and not upon any extrinsic evidence. The Court does find, however, that ALLSTATE INSURANCE COMPANY had actual knowledge, prior to the issuance of the excess policy, that the 1978 Dodge pickup truck was to be used for business purposes.

The Court further finds that this policy would not provide coverage for any punitive damages which may be assessed against any of the Defendants, since it is contrary to the public policy of this State for an active tortfeasor to insulate himself against punitive damages by purchasing insurance coverage. *U.S. Concrete Pipe Co. v. Bould*, 437 So.2d 1061 (Fla. 1983).

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. That the ALLSTATE INSURANCE COMPANY personal umbrella policy introduced in evidence as Exhibit #1, in the amount of One Million ($1,000,000.00) Dollars, does provide liability insurance coverage to EUGENE L. WEHAGE and TIMOTHY WEHAGE as a result of their ownership, operation and/or maintenance of that 1978 Dodge pickup truck and flatbed trailer which were involved in an automobile accident on July 17, 1984, with resulting fatal injuries to BARBARA YOST.

2. That the Court expressly reserves jurisdiction to consider the matter of awarding statutory attorney's fees and the assessment of costs against ALLSTATE INSURANCE COMPANY.