848

DANIEL CESARINI, Plaintiff-Appellee, v. THE BOARD OF TRUSTEES OF THE ILLINOIS MUNICIPAL RETIREMENT FUND *et al.*, Defendant-Appellant.

First District (5th Division)   No. 84—1995

Opinion filed February 14, 1986.—Rehearing denied April 8, 1986.

John J. Edman, of Chicago, for appellant.

Ronald A. Stearney & Associates, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendant, Illinois Municipal Retirement Fund (IMRF) appeals from a judgment ordering it to pay disability benefits to the plaintiff. The narrow question herein presented involves the application of that

portion of section 7—146 of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 7—146) which permits payment of disability benefits to an employee, despite a preexisting condition, if the employee has five years of creditable service without receiving a disability benefit. Defendant's board of trustees denied plaintiff's claim on the basis that: (1) plaintiff's disability resulted from a physical condition that plaintiff already had when hired; (2) plaintiff did not have five years of participating service when disabled. The circuit court of Cook County reversed the administrative decision of the board of trustees and held that because plaintiff remained on the payroll as a full-time employee for eight months after incurring his disability, during which time he continued to make regular pension contributions, the five year statutory "creditable service" requirement was satisfied. The court found that plaintiff's inability to be physically on the job from September 1982, when he first became disabled, to May 1983, when he filed a claim, had no bearing in computing the statutory period which entitled plaintiff to disability payments.

We affirm.

Plaintiff was hired by the village of Melrose Park as a laborer in its department of sewers on February 1, 1978. During his years of service with the village, plaintiff was a participating member of the Illinois Municipal Retirement Fund (IMRF) and made regular and continuous contributions to the IMRF from his payroll check.

In September 1982, plaintiff began to experience seizures as a result of a physical abnormality known as hydrocephalus. Medical records reveal that plaintiff had suffered from this condition since 1975 when he underwent a frontal craniotomy to remove a neoplasm or tumor. From the time of disability until May 15, 1983, plaintiff remained on the village payroll as a full-time employee and continued to make regular and continuous contributions to the IMRF even though he was unable to be physically on the job or to perform his official duties and services. These facts are corroborated by the affidavit of C. August Taddeo, the acting mayor of the village of Melrose Park at that time.

In June 1983, plaintiff applied for disability benefits on the basis of section 7—146(b)(6) of the Illinois Pension Code. (Ill. Rev. Stat. 1981, ch. 108½, par. 7—146(b)(6).) This statute, which governs payment of disability benefits, provides, in pertinent part, that an individual may not receive a disability benefit due to a preexisting condition *unless* the individual has five years of creditable service without receiving a disability benefit. Defendant's board of trustees denied plaintiff's claim in spite of the fact that plaintiff had been employed

by the village of Melrose Park from September 1, 1982, to May 15, 1983, as a full-time employee, had made regular contributions from his payroll check to the fund, and had not applied for or received disability benefits during the aforementioned period. According to defendant, the last nine months of employment subsequent to the onset of plaintiff's seizures could not be counted towards the statutory requirement period because plaintiff's contribution to the village had not constituted productive work and was therefore insufficient to be considered "creditable service." The board thereby made the finding that plaintiff's disability resulted from a physical condition, which existed on February 1, 1978, and that he was not eligible for a disability benefit. Upon review, the circuit court of Cook County reversed the decision of the board and ordered that disability benefits be paid to the plaintiff. Defendant appeals from this decision.

OPINION

At issue in this case is the meaning and effect of that portion of the Illinois Pension Code, which provides:

"(b) A temporary disability benefit shall be payable to a temporarily disabled employee provided:

6. His disability is not the result of a mental or physical condition which existed on the earliest date of service from which he has uninterrupted service, including prior service, at the date of his disability, provided that this limitation shall not be applicable to a participating employee who, without receiving a disability benefit, receives 5 years of creditable service." Ill. Rev. Stat. 1981, ch. 108½, par. 7—146(b)(6).

■ Defendant first contends that because plaintiff suffered from a preexisting condition at the time he was hired and lacked the five years of participating service at the time of his disability, he was precluded from obtaining benefits under the subject statute. Defendant's contention is predicated on the theory that the five-year qualifying condition for eligibility of disability benefits applies as of the date the employee is disabled.

Plaintiff urges that whether his physical condition was preexisting or not is inconsequential to the present determination of eligibility for disability benefits since he has satisfied the two conditions which allow individuals in such instances to circumvent the preexisting condition restriction of the statute. Thus, in addition to not having received disability benefits during the period in question (an issue not in dispute here), plaintiff claims to have had five years of creditable service as of the date of his claim.

The fundamental question brought forth by this appeal is therefore whether plaintiff qualifies for five years of uninterrupted creditable service so as to make him eligible for disability benefits on the basis of the aforementioned statute.

Whether we adhere to defendant's or plaintiff's view depends on whether or not the critical period of plaintiff's employment, from the onset of his disability seizures to the date of his claim, satisfies the statutory definition of "creditable service." Defendant's refusal to acknowledge the period in question as "creditable service" is grounded on the belief that plaintiff's contribution during the nine-month period did not constitute "productive work service " (a standard devised by defendant) because he was unable to be physically present on the job. We disagree.

Section 7—113 of the Illinois Pension Code defines "creditable service" as:

"All periods of prior service or current service for which credits are granted under the provisions of Section 7—139, ***." Ill. Rev. Stat. 1981, ch. 108½, par. 7—113.

Section 7—139 provides, in relevant part, as follows:

"(a) Each participating employee shall be granted credits and creditable service, for purposes of determining the amount of any annuity or benefit to which he or a beneficiary is entitled, as follows:

* * *

b. *Normal credits of amount equal to each payment of normal contributions received from him, as of the date the corresponding payment of earnings is payable to him* and, normal contributions made for the purpose of establishing out-of-state service credits as permitted under the conditions set. forth in paragraph 6 of this section." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 108½, par. 7—139.

We agree with plaintiff that there is nothing in the aforementioned sections which requires an individual to be physically on the job in order to qualify for creditable service. Plaintiff's failure to render official services or perform his duties during the nine-month period in question is thus not germane to our present determination. Rather, the sole criterion should be whether or not a pension contribution was made when plaintiff was paid.

█ In the instant case, the village of Melrose Park continued plaintiff on the regular payroll at his regular salary after his disability and did not classify him as being on sick pay. Because he was treated as a full-time employee during the period of September 1, 1982, to

May 15, 1983, plaintiff's payroll check was subjected to all the customary deductions. One of these withholdings is shown to correspond to plaintiff's normal pension contributions to the fund. These payments were regularly accepted by defendant without regard to whether plaintiff's earnings were in fact received for "productive work service." Accordingly, we find that the trial court properly determined that plaintiff is entitled to creditable service for that period of time in which he made pension contributions.

■ Defendant additionally proposes that we construe the preexisting conditions provision of the subject statute in a manner that allows defendant to determine eligibility as of the date of disability rather than as of the date of the claim. This would presumably protect defendant's disability reserve against claims by employees who have physical or mental impairments when hired. According to defendant, since this is the objective of the statute, that is what should be controlling.

Plaintiff, however, argues that defendant's construction not only contravenes the statute but also gives defendant the power to decide in an arbitrary fashion the date of disability on the basis of its non-statutory "productive work service" standard.

We agree with plaintiff that the determination of eligibility should be made by looking to see whether an employee has received a disability benefit before he receives five years of creditable service. Adopting defendant's approach would, among other things, effectively deprive employees of benefits for which they are eligible under the statute.

In *Bronson v. Washington National Insurance Co.* (1965), 59 Ill. App. 2d 253, 207 N.E.2d 172, a case cited by defendant in support of its aforementioned theory, the court clearly outlined what its duty should be with regards to construing statutes:

> "The only legitimate function of the courts is to declare and enforce the law as enacted by the legislature, to interpret the language used by the legislature where it requires interpretation, and not to annex new provisions or substitute different ones, or read into a statute exceptions, limitations, or conditions which depart from its plain meaning. [Citations.]" 59 Ill. App. 2d 253, 261-62, 207 N.E.2d 172.

In the instant case the subject statute provides a very clear exception with respect to preexisting conditions. The critical sentence in subparagraph (b)(6) reads:

> "*** [T]his limitation *shall not* be applicable to a participating employee who, without receiving a disability benefit, receives 5

years of creditable service." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 108½, par. 7—146(b)(6).)

Having complied with the conditions set forth in the statute, it is abundantly clear that plaintiff is eligible to receive disability benefits.

■ Defendant next attacks plaintiff's eligibility to disability benefits on the basis of the doctrine of contemporaneous interpretation. Defendant argues that since its board of trustees has consistently applied the statutory provision in question for the past 15 years in the same manner as it applied it to plaintiff, the aforementioned doctrine should come into play in the instant case.

It has been long established that the doctrine of contemporaneous construction is not applicable where there is no need of interpretation. It is only when the language of the statute is ambiguous and susceptible of two reasonable interpretations that the doctrine may be invoked. (*Houghton v. Payne* (1904), 194 U.S. 88, 48 L. Ed. 888, 24 S. Ct. 590.) In addition, the interpretation of a given statute by an administrative agency has been held inoperative where the meaning of the statute is plain on its face, regardless of the number of years the administrative body has consistently applied the statute in a given manner. (See *United States v. Graham* (1884), 110 U.S. 219, 28 L. Ed. 126, 3 S. Ct. 582.) We therefore reject defendant's contention that the statute in question needs extrinsic interpretation by way of the doctrine of contemporaneous construction.

■ Defendant finally argues that the payment of disability benefits to plaintiff based in part on a period in which he performed no service would result in the use of public funds for private purposes in violation of section 1(a) of the Constitution of the State of Illinois.

We reject defendant's characterization of benefit payments to plaintiff as an expenditure of public funds for a private purpose. First, this notion is refuted by the statute which defines creditable service as contributions made to the IMRF. Second, the payment of disability benefits to plaintiff is based upon contributions made by him throughout his period of creditable service. We thus fail to see the nexus between the payments owed plaintiff and the use of public funds.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.