# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Duane v. Hardy*, 2012 IL App (3d) 110845

---

| | |
|---|---|
| Appellate Court Caption | DANIEL DUANE, Plaintiff-Appellant, v. MARCUS HARDY, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-11-0845 |
| Filed | September 13, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff inmate's petition for a writ of *mandamus* alleging that he was entitled to one hour of out-of-cell exercise per day was properly dismissed on the ground that he could not establish a clear right to the relief he requested. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-MR-611; the Hon. Marzell L. Richardson, Jr., Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Daniel Duane, of Joliet, appellant *pro se.*

Lisa Madigan, Attorney General, of Chicago (Mary C. Labrec, Assistant Attorney General, of counsel), for appellee.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.

Justices Lytton and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Daniel Duane, an inmate at Stateville Correctional Center, brought a *mandamus* action seeking the trial court order defendant Marcus Hardy, the Stateville warden, to comply with statutory provisions Duane maintains allow him one hour of out-of-cell exercise per day. The trial court dismissed Duane's *mandamus* petition for failure to state a claim upon which relief may be granted. He appealed. We affirm.

¶ 2                              FACTS

¶ 3    Plaintiff Daniel Duane is an inmate incarcerated by the Illinois Department of Corrections (IDOC) at Stateville Correctional Center. Duane suffers from Type II diabetes, hepatitis C, hypothyroidism, a goiter, and a right inguinal hernia. In July 2009, while housed at Menard Correctional Center, Duane filed an IDOC grievance, complaining that he was denied one hour daily out-of-cell exercise he claimed was mandated by section 3-7-2(c) of the Unified Code of Corrections (Unified Code). 730 ILCS 5/3-7-2(c) (West 2008). Duane forwarded the grievance to the Menard grievance officer, the Menard warden, and twice to the Administrative Review Board (ARB). There is no record of any responses to the grievance. On December 20, 2009, Duane filed another grievance in which he complained that IDOC denied him the ability to monitor his blood sugar and to obtain adequate exercise to combat his diabetes. He did not receive a response from his IDOC counselor, and forwarded the grievance to the grievance officer and twice to the ARB. The record does not indicate any responses to the grievance. In February 2010, Duane was transferred to Stateville, and the following month, Duane forwarded the July and December 2009 grievances to defendant Marcus Hardy, the warden at Stateville. There are no responses from Hardy in the record.

¶ 4    In June 2010, Duane filed a petition for *mandamus* in which he argued that Hardy refused to perform "specific ministerial duties" such as allowing one hour of out-of-cell exercise time per day pursuant to section 3-7-2(c) of the Unified Code. 730 ILCS 5/3-7-2(c) (West 2008). Duane further argued that he has a "clear entitlement to performance" of the out-of-cell exercise requirement and that his medical conditions necessitate exercise as "an indispensable component of preventive medicine," the denial of which adversely affects his

health. Duane also argued the denial of his one hour of out-of-cell exercise without notice or hearing violated his due process rights. Copies of Duane's grievances were attached to the petition. On the copies, Duane had noted the administrative steps he took and the lack of response to the grievance. Hardy responded to the *mandamus* petition with a motion to dismiss. In his motion, Hardy argued that Duane failed to state a claim because the statutory provision on which Duane relied does not require that inmates be given one hour of exercise out of their cells each day, but rather only that inmates be given one hour of out-of-cell time. Pursuant to the trial court's order, Hardy provided IDOC records reflecting out-of-cell movements of Duane's "gallery." The records established that Duane was given out-of-cell opportunities for an hour each day in compliance with the statutory directives.

¶ 5    Duane responded with an addendum to his *mandamus* petition, asserting that because IDOC was required to allow inmates to exercise out of their cells for one hour each day, any other out-of-cell time that IDOC records indicate occurred does not comply with the statutory requirements. In his addendum, Duane argued that the statutory language of section 3-7-2(c) of the Unified Code is vague and urged the trial court to look to other contemporaneous interpretations of the statutory requirement, which he maintained indicate it provides for one hour of out-of-cell exercise daily. He attached affidavits from four other inmates from his cell block in which they attested that out-of-cell time for meals amounted only to approximately 30 or 40 minutes and included only 10 to 12 minutes of actual physical movement. Duane also attached the Stateville handbook, which referenced inmate rights, including recreation and exercise. Excerpts from Westlaw key digests and Illinois Law and Practice were also attached as support for the exercise requirement.

¶ 6    Duane filed a motion to strike as irrelevant the IDOC records indicating any nonexercise out-of-cell time. He contended that the information provided by the IDOC was misleading and not reflective of his individual movements. During the pendency of this *mandamus* action, Duane filed an additional IDOC grievance complaining that the time he is allotted to eat his meals is insufficient, prevents him from properly chewing and digesting his foods, and causes him indigestion. The IDOC counselor responded that in order for the entire institution to eat, inmates are given 10 minutes "per chow hall to eat." The record does not include any other responses to the grievance. Duane noted that he submitted the grievance to the grievance officer in August 2011 and to the ARB in September 2011. The trial court held this grievance admissible, but denied Duane's motion to strike and found the IDOC documents also admissible.

¶ 7    A hearing took place on Hardy's motion to dismiss. The trial court granted the dismissal with prejudice, finding that the statute provides an hour of out-of-cell time but does not require that it be specifically for one hour of daily exercise. According to the trial court, under the statute, out-of-cell time may consist of "everyday activities such as meals, showers, counseling, classes, etc." and the evidence established that Duane is "outside of his cell at least one hour each day during his normal activities." The trial court further found Duane failed "to demonstrate a clear right to a daily release from his cell of one hour exclusively for exercise." Duane appealed.

¶ 8                                    ANALYSIS

¶ 9        The issue on appeal is whether the trial court erred when it granted Hardy's motion to dismiss Duane's *mandamus* petition. Duane argues that the trial court based its dismissal order on an incorrect interpretation of section 3-7-2(c) of the Unified Code. Per Duane's interpretation, he is entitled to one hour of out-of-cell exercise daily, which Hardy failed to provide. We note as a preliminary matter that Duane has satisfied the exhaustion requirements by indicating the grievance process he pursued and the lack of response from IDOC. *Turner-El v. West*, 349 Ill. App. 3d 475, 484-85 (2004) (before seeking judicial review of grievance, inmate must pursue all administrative remedies).

¶ 10       A motion to dismiss under section 2-615 of the Code of Civil Procedure (Civil Code) is proper when the complaint fails to state a claim on which relief can be granted. 735 ILCS 5/2-615 (West 2008). When reviewing the grant of a motion to dismiss, we must accept as true all well-pleaded facts and reasonable inferences drawn from them and view those facts in a light most favorable to the plaintiff. *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 19. This court will disregard mere conclusions of law or facts that are unsupported by the evidence. *Id.* Illinois is a fact-pleading jurisdiction and a plaintiff must allege facts sufficient to state a cause of action to survive a motion to dismiss. *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003). Our review of the grant of a motion to dismiss is *de novo*. *Beahringer*, 204 Ill. 2d at 369.

¶ 11       *Mandamus* is an extraordinary remedy that is granted to enforce the performance of a public officer's official nondiscretionary duties as a matter of right. *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433-34 (2007). For *mandamus* to issue, a plaintiff must establish material facts that demonstrate (1) his clear right to the requested relief, (2) a clear duty on the defendant to act, and (3) clear authority existing in the defendant to comply with an order granting *mandamus* relief. *Rodriguez*, 376 Ill. App. 3d at 433-34. We will reverse the trial court's denial of *mandamus* relief on factual grounds only when it is against the manifest weight of the evidence. *Lucas v. Taylor*, 349 Ill. App. 3d 995, 998 (2004). We review *de novo* the dismissal of a petition for *mandamus*. *Rodriguez*, 376 Ill. App. 3d at 434.

¶ 12       When a court construes a statute, its primary objective is to ascertain and give effect to the legislature's intent. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 41. The statute's language is the best indicator of legislative intent and it should be given its plain and ordinary meaning. *Id.* Where the language is clear and unambiguous, a construing court must not resort to further aids of construction in interpreting the statute. *People v. Jones*, 223 Ill. 2d 569, 581 (2006). The doctrine of contemporaneous construction, pursuant to which courts give weight to the continuous interpretation of a statute by those charged with its administration and enforcement, is not applicable where there is no need of statutory interpretation. *Cesarini v. Board of Trustees of the Illinois Municipal Retirement Fund*, 141 Ill. App. 3d 848, 854 (1986). The doctrine may be used only when the statutory language is ambiguous and susceptible of more than one reasonable interpretation. *Cesarini*, 141 Ill. App. 3d at 854. We review issues of statutory interpretation *de novo*. *Jones*, 223 Ill. 2d at 580.

¶ 13        Section 3-7-2(c) of the Unified Code provides:

> "(c) All institutions and facilities of the Department shall provide facilities for every committed person to leave his cell for at least one hour each day unless the chief administrative officer determines that it would be harmful or dangerous to the security or safety of the institution or facility." 730 ILCS 5/3-7-2(c) (West 2008).

¶ 14        Duane asserts that the proper interpretation of section 3-7-2(c) affords him one of hour out-of-cell exercise time each day. He cites to national correctional standards, Westlaw annotations and digest references, federal cases, and the Stateville orientation manual as support for his interpretation of the statute and to establish his constitutional claims. We reject Duane's assertion and consider that the trial court's interpretation that section 3-7-2(c) does not mandate one hour of daily out-of-cell exercise was not in error and that the proper interpretation does not deprive Duane of his rights to due process under the fourteenth amendment and to be free from cruel and unusual punishment under the eighth amendment.

¶ 15        Contrary to Duane's assertion, he has no enforceable rights under section 3-7-2(c). Prison regulations, including statutory provisions, do not confer rights on inmates or provide a basis for an inmate's constitutional claims. *Dupree*, 2011 IL App (4th) 100351, ¶¶ 25-26 (quoting *Ashley v. Snyder*, 316 Ill. App. 3d 1252, 1258 (2000)). Other than the fundamental rights afforded them under the United States Constitution, inmates possess only privileges. *Dupree*, 2011 IL App (4th) 100351, ¶ 26 (quoting *Ashley*, 316 Ill. App. 3d at 1258-59). Moreover, the plain language of section 7-3-2(c) gives Duane the right to one hour of daily out-of-cell time; it does not mandate that the time be targeted for exercise. Rather, the statute instructs only that inmates be afforded facilities where they can be out of their cell for one hour each day. As determined by the trial court, out-of-cell opportunities may include visits to the showers, library, or health care unit, sessions with a counselor, participation in classes, and yard and gym time. The trial court ordered the IDOC to submit documents evidencing that Duane was given one hour out-of-cell time daily. Upon review of the documents, the trial court found that Duane was provided daily out-of-cell opportunities sufficient to comply with section 3-7-2(c). Its finding was not against the manifest weight of the evidence.

¶ 16        Duane further argues that his rights to procedural due process were violated when the IDOC, without giving him notice and an opportunity to be heard, deprived him of one hour of daily out-of-cell exercise time which he claims is an entitlement afforded him under section 3-7-2(c). Duane's argument must fail. Provisions in the Unified Code do not create any more rights for inmates than are constitutionally required. *Jackson v. Randle*, 2011 IL App (4th) 100790, ¶ 17 (inmate's constitutional rights include only "adequate water, shelter, food, drinking water, clothing, sanitation, and medical care, personal safety, reasonable access to courts, and the reasonable opportunity to exercise religious freedom"). Because Duane is not entitled under the statute to one hour of daily exercise out of his cell, he cannot claim a due process violation based on IDOC's alleged failure to provide him notice and an opportunity to be heard before he is deprived of the claimed right. *Ashley*, 316 Ill. App. 3d at 1255 ("states cannot create enforceable liberty interests in freedom from the routine deprivations and discomforts of prison life"). We find Duane's due process rights were not violated by the IDOC's failure to schedule one hour of daily out-of-cell exercise for him.

¶ 17    Finally, Duane maintains that the IDOC's refusal to comply with the statutory requirement that affords him one hour of out-of-cell daily exercise constitutes cruel and unusual punishment as applied to him due to his medical issues, which include diabetes. Prison procedures violate the eighth amendment when (1) the alleged deprivation is sufficiently serious under an objective standard and (2) the act of deprivation was performed with a sufficiently culpable state of mind under a subjective standard. *Arnett v. Snyder*, 331 Ill. App. 3d 518, 525 (2001). Duane complains that due to his health issues, which he asserts necessitate regular exercise to keep under control, the lack of daily out-of-cell exercise creates a sufficiently serious deprivation, of which IDOC officials are aware. However, Duane does not provide any specific facts alleging he was unable to exercise on a daily basis or pointing to injury or illness he suffered from lack of out-of-cell exercise. Moreover, Duane does not argue his in-cell movement is limited. He is free to exercise in his cell as a means to alleviate his health issues and promote his physical fitness. We find no eighth amendment violation.

¶ 18    Because Duane is not entitled to one hour of daily out-of-cell exercise under section 3-7-2(c) of the Unified Code, he cannot establish a clear right to his requested relief. We thus hold that Duane's *mandamus* action was properly dismissed with prejudice by the trial court.

¶ 19    For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 20    Affirmed.