2022 IL App (1st) 210091

SECOND DIVISION
June 28, 2022

No. 1-21-0091

MARQUIS BEAUCHAMP,         )     Appeal from the
           )     Circuit Court of
    Plaintiff-Appellant,       )     Cook County.
           )
v.                        )     No. 19 CH 8869
           )
THOMAS J. DART, in His Official Capacity as Sheriff     )
of Cook County, THE COOK COUNTY SHERIFF'S     )
MERIT BOARD, and COOK COUNTY, as Indemnitor,     )     Honorable
           )     Moshe Jacobius,
    Defendants-Appellees.      )     Judge Presiding.

JUSTICE HOWSE delivered the judgment of the court, with opinion
Justices Lavin and Cobbs concurred in the judgment and opinion.

OPINION

¶ 1     Plaintiff, Marquis Beauchamp, filed a complaint in the circuit court of Cook County

seeking administrative review of a decision by defendant, the Cook County Sheriff's Merit

Board (Merit Board), terminating his employment as a correctional officer. Plaintiff's complaint

included a count seeking *mandamus* relief (count III) against defendant, Thomas J. Dart, in his

official capacity as Sheriff of Cook County (Sheriff), to compel the Sheriff to utilize the Cook

County State's Attorney (State's Attorney) as his attorney in the proceedings. The trial court

dismissed count III of plaintiff's complaint with prejudice and entered an order pursuant to

Illinois Supreme Court Rule 304 (eff. Mar. 8, 2016) that no just reason exists to delay appeal of

that judgment. For the following reasons, we affirm.

¶ 2                          BACKGROUND

¶ 3     In April 2016, the Sheriff initiated disciplinary proceedings against plaintiff before the

Merit Board. The nature of those disciplinary proceedings is immaterial to this appeal. It is

undisputed that the State's Attorney initially represented defendant Sheriff before the Merit Board but that at some point during the proceedings the State's Attorney withdrew representation and the Sheriff proceeded with the proceedings represented by attorneys employed by the Sheriff. In June 2019 the Merit Board issued its decision to terminate plaintiff's employment as a correctional officer. Plaintiff filed a three-count complaint in the circuit court of Cook County. Count III of the complaint included claims for administrative review of the Merit Board's decision to terminate him and a complaint for *mandamus* directing the Sheriff to be represented by the State's Attorney in proceedings before the Merit Board (count III).

¶ 4       In March 2020, the trial court granted defendants' motion to dismiss count III of plaintiff's complaint with prejudice.

¶ 5       This appeal followed.

¶ 6       On appeal, plaintiff argues only that the Counties Code (55 ILCS 5/1-1001 *et seq.* (West 2018)) requires the State's Attorney to represent the Sheriff at Merit Board proceedings and, because that did not happen in this case, the Merit Board's decision is void.

¶ 7                                      ANALYSIS

¶ 8       The trial court granted defendants' motion to dismiss as to count III of plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)). "A motion to dismiss under section 2-615 of the Code *** is proper when the complaint fails to state a claim on which relief can be granted. 735 ILCS 5/2-615 (West 2008)." *Duane v. Hardy*, 2012 IL App (3d) 110845, ¶ 10. This court reviews a trial court's judgment granting a motion to dismiss a *mandamus* petition *de novo*. *Id.* ¶ 11. *De novo* review means that we perform the same analysis the trial court would perform (*Barry v. City of Chicago*, 2021 IL App (1st) 200829, ¶ 17) with no deference shown to the trial court's judgment (*Cummings v.*

*City of Waterloo*, 289 Ill. App. 3d 474, 479 (1997)). The plaintiff is required to have pled facts that are sufficient to state a claim on which relief can be granted to survive a motion to dismiss. *Duane*, 2012 IL App (3d) 110845, ¶ 11 (citing *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003)). When determining whether the complaint states a claim on which relief can be granted this court must accept as true all well-pled facts and reasonable inferences drawn from them and view those facts in a light most favorable to the plaintiff while disregarding "mere conclusions of law or facts that are unsupported by the evidence." *Id.* ¶ 10.

¶ 9       *Mandamus* is used to enforce the plaintiff's right to a public officer's performance of an official nondiscretionary duty. See *Duane*, 2012 IL App (3d) 110845, ¶ 11; see also *Pate v. Wiseman*, 2019 IL App (1st) 190449, ¶ 25 ("*Mandamus* is an 'extraordinary remedy' that may be used to enforce the performance of official duties by a public officer only where the petitioner is entitled to the performance 'as a matter of right' and only ' "where no exercise of discretion" ' on the part of the officer ' "is involved." ' [Citations.]" (quoting *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133 (1997), quoting *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986))). "*Mandamus* cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously exercised. [Citation.]" (Internal quotation marks omitted.) *Id*. ¶ 25. Therefore, to state a cause of action for *mandamus* relief a plaintiff must plead facts to establish "(1) a clear right to the *relief* requested, (2) a clear duty of the public official to act, and (3) clear authority in the public official to comply with the writ." (Emphasis added.) *Id*. ¶ 26 (citing *Burris v. White*, 232 Ill. 2d 1, 7 (2009)).

¶ 10      Plaintiff brought count III of the complaint under the authority of the *mandamus* provision of the Code (735 ILCS 5/14-101 *et seq.* (West 2018)) and sought independent

*mandamus* relief against the Sheriff based on the Sheriff's use of "internal disciplinary officers" to represent the Sheriff in proceedings before the Merit Board allegedly in violation of the Counties Code and the Illinois Constitution, which plaintiff asserts requires "such matters to be handled exclusively by [the State's Attorney.]" Plaintiff's complaint alleges that this "unlawful representation" renders all actions taken by the Sheriff at the Merit Board "null and void, and without legal effect." Count III of plaintiff's complaint alleges that using the State's Attorney "to commence and prosecute the written charges and proceedings brought by him at the [Merit Board]" is "nondiscretionary on the part of" the Sheriff and that the Sheriff "had a clear duty to utilize" the State's Attorney to prosecute the proceedings pursuant to section 3-9005(a) of the Counties Code and the Illinois Constitution. See *infra* ¶ 13. The complaint also alleges the Sheriff "has and will have clear authority to comply with a writ" directing him to use the State's Attorney's representation in cases before the Merit Board.

¶ 11    Count III of plaintiff's complaint alleges that plaintiff "has a clear right to a writ of *mandamus* requiring" the Sheriff "to provide representation on behalf of the [Sheriff] at the [Merit Board] [*sic*]." The complaint alleges plaintiff has this "clear right" because the Sheriff's duty to comply with the Counties Code and the Illinois Constitution "are of crucial importance to the administration of justice at the [Merit Board] *** because of the objective viewpoints and professional independence of" the State's Attorney. Plaintiff alleges the State's Attorney's independence is essential to protect the officers being prosecuted at the Merit Board. Plaintiff alleges that proceedings before the Merit Board are "matters of grave public importance" and therefore the State's Attorney "must utilize her professional independence from the [Sheriff] to commence and prosecute" cases before the Merit Board on the Sheriff's behalf.

¶ 12    Plaintiff claims he was "deprived of the safeguards of the professional independence" of the State's Attorney and that the public interest favors the issuance of a writ because the State's Attorney "can advise and counsel the [Sheriff]" but the use of internal staff members undercuts and usurps the State's Attorney's independent judgment, which should be a part of the process. Plaintiff seeks a writ of *mandamus* against the Sheriff requiring the Sheriff to utilize the State's Attorney's representation in Merit Board proceedings in plaintiff's case and in similarly situated officers' cases and compensation for his losses in connection with the Sheriff's failure to do so including rescindment of the discipline against him and compensation for the consequences (back pay, damages, attorney fees) thereof.

¶ 13    The relevant provisions of the Counties Code and the Illinois Constitution are section 3-9005(a)(3) of the Counties Code (55 ILCS 5/3-9005(a)(3) (West 2018)) and article 7, section 4(d), of the Illinois Constitution (Ill. Const. 1970, art. VII, § 4(d)). Section 3-9005(a)(3) of the Counties Code reads as follows:

"(a) The duty of each State's Attorney shall be:

* * *

(3) To commence and prosecute all actions and proceedings brought by any county officer in the county officer's official capacity." 55 ILCS 5/3-9005(a)(3) (West 2018).

Article 7, section 4(d) of the Illinois Constitution reads as follows:

"County officers shall have those duties, powers and functions provided by law and those provided by county ordinance. County officers shall have the duties, powers or functions derived from common law or historical precedent unless altered by law or county ordinance." Ill. Const. 1970, art. VII, § 4(d).

Additionally, section 3-7012 of the Counties Code reads as follows:

"Except as is otherwise provided in this Division, no *** county corrections officer *** shall be removed, demoted or suspended except for cause, upon written charges filed with the Board *by the Sheriff* ***." (Emphasis added.) 55 ILCS 5/3-7012 (West 2018).

Moreover, the Rules and Regulations of the Cook County Sheriff's Merit Board provide that, "[a]t the time and place of the [disciplinary] hearing, the Sheriff and the named employee may be represented by counsel." Cook County Sherriff's Merit Board Rules and Regulations, art. IX(E)(2) (amended Apr. 19, 2018) [https://perma.cc/33M7-CXXB].

¶ 14     The trial court concluded that, pursuant to section 3-7006 of the Counties Code (55 ILCS 5/3-7006 (West 2018))[1] and the Merit Board's rules and regulations, "[t]he Sheriff is not required to be represented by counsel [in proceedings before the Merit Board,] much less be represented by the State's Attorney." The trial court also concluded that section 3-7012 of the Counties Code is clear that the Sheriff, not the State's Attorney, commences and prosecutes disciplinary actions before the Merit Board, whereas section 3-9005 of the Counties Code "as a whole clearly addresses the State's Attorney's duty to represent the county and its officers in *civil and criminal* proceedings" (emphasis added) and section 3-7012 controls any conflict between them "as the more specific statute." The trial court held plaintiff "has no clear right to the relief he requests in Count III," without which "a writ of *mandamus* cannot issue as a matter of law." The court dismissed count III of plaintiff's complaint with prejudice.

---

[1]"Pursuant to recognized merit principles of public employment, the Board shall formulate, adopt, and put into effect rules, regulations and procedures for its operation and the transaction of its business." 55 ILCS 5/3-7006 (West 2018).

¶ 15 On appeal, plaintiff argues that the plain language of section 3-9005 of the Counties Code requires that the State's Attorney prosecute matters before the Merit Board on behalf of the Sheriff because a proceeding before the Merit Board is an action or proceeding brought by a county officer (the Sheriff) in the county officer's official capacity. See 55 ILCS 5/3-9005(a)(3) (West 2018). Plaintiff argues section 3-9005 is not confined to civil and criminal matters because construing section 3-9005 in the context of the Counties Code as a whole, as we must (see *Williams v. Miracle Center, Inc.*, 2022 IL App (1st) 210291, ¶ 43 (citing *Colella v. Lombard Park District*, 2017 IL App (2d) 160847, ¶ 39))[2], reveals that, not only is the State's Attorney *not* confined to only providing representation in civil and criminal matters in the circuit court (see, *e.g.*, 55 ILCS 5/3-9005(a)(7) (West 2018)), but, when the legislature intended the State's Attorney to provide representation in the circuit court, it said so explicitly (see *id*. § 3-9005(a)(1)). Plaintiff further argues that his interpretation of section 3-9005(a)(3) is not in conflict with the rules and regulations of the Merit Board because harmonizing both results in finding that the Sheriff is to *file* matters before the Merit Board but the State's Attorney must then *prosecute* those matters. Finally, assuming the invalidity of the Sheriff's actions, plaintiff argues the Merit Board's decision is void because it was not prosecuted by a validly appointed State's Attorney. See *People v. Ward*, 326 Ill. App. 3d 897, 902-03 (2002).

¶ 16 Defendants respond that the trial court lacked jurisdiction over plaintiff's complaint for *mandamus* relief because the Administrative Review Law (735 ILCS 5/3-101 *et seq*. (West

---

[2]*Colella* cited *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 512 (2007), which noted that "[w]e must presume that several statutes relating to the same subject are governed by one spirit and a single policy, and that the legislature intended the several statutes to be consistent and harmonious."

2018)) provides the exclusive means to challenge the decision of an administrative agency like the Merit Board. See *Porter v. Illinois State Board of Education*, 2014 IL App (1st) 122891, ¶ 23 ("The [Administrative] Review Law was intended to replace writs for *mandamus*, *certiorari*, and other equitable, statutory, and common law actions as methods of review and provide uniformity in reviewing administrative decisions."). Alternatively, defendants argue plaintiff lacks standing to bring this claim for *mandamus* because plaintiff failed to plead that he suffered an injury from the Sheriff's failure to use the State's Attorney to prosecute proceedings before the Merit Board. See *O'Connell v. County of Cook*, 2021 IL App (1st) 201031, ¶ 33. "Standing is 'some injury in fact to a legally recognized interest.' [Citation.] The claimed injury must be distinct and palpable, fairly traceable to the defendant's actions, and substantially likely to be prevented or redressed by the grant of the requested relief. [Citation.]" *Id.* Specifically, in this case defendants argue "there is no discernible reason that the Sheriff's choice of legal representation in a disciplinary proceeding would have caused [plaintiff] any harm." (Emphasis omitted.) As for plaintiff's claims about the State's Attorney's objectivity in the matter, defendants argue plaintiff's claims are only speculation but an injury must be "palpable" to establish standing and, furthermore, plaintiff "can only speculate that the State's Attorney's 'objectivity' and 'independence' would have somehow inured to his benefit." (Emphasis omitted.) Finally, defendants argue plaintiff's complaint for *mandamus* fails to state a claim for relief on its merits because, contrary to plaintiff's view, the plain language of the Counties Code "evinces the General Assembly's intent that the Sheriff—not the State's Attorney—should both commence and prosecute disciplinary hearings before the Merit Board."

¶ 17    As an initial matter, we reject defendants' argument that we need not address plaintiff's appeal because the trial court allegedly lacked jurisdiction over plaintiff's complaint for

*mandamus* relief. Defendant argues that the circuit court lacked jurisdiction over plaintiff's complaint seeking *mandamus* because the Administrative Review Law provides the exclusive means to challenge the final decisions of an administrative agency like the Merit Board. Defendant ignores the fact plaintiff's complaint for *mandamus* sought relief that was independent and separate from plaintiff's complaint for administrative review of the Merit Board's final decision. Plaintiff filed a three-count complaint in the circuit court of Cook County that included clams for administrative review of the Merit Board's decision to terminate him *and* a complaint for *mandamus* directing the Sheriff to be represented by the State's Attorney in proceedings before the Merit Board (count III). The issue raised in count III of whether the Sheriff is required to employ the services of the State's Attorney to prosecute cases before the Merit Board instead of attorneys he employs in his office is a justiciable issue, separate from any final decision of the Merit Board. The circuit court has jurisdiction of all justiciable issues. See *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 340 (2002). Plaintiff brought count III of the complaint under the authority of the *mandamus* provision of the Code (735 ILCS 5/14-101 *et seq.* (West 2018)) based on the Sheriff's use of "internal disciplinary officers" to represent the Sheriff at proceedings before the Merit Board, allegedly in violation of the Counties Code and the Illinois Constitution. "Illinois law unquestionably allows litigants to plead alternative grounds for recovery, regardless of the consistency of the allegations, as long as the alternative factual statements are made in good faith ***." *Heastie v. Roberts*, 226 Ill. 2d 515, 557-58 (2007). The fact count III of plaintiff's complaint may contain a request for *mandamus* relief and a separate request for administrative review is not fatal to the separate claims. See *Knox College v. Celotex Corp.*, 85 Ill. App. 3d 714, 724 (1980) (holding pleading that combined several causes of action in one count should not have been stricken), *reversed on other grounds*, 88 Ill. 2d 407

(1981). Because count III of plaintiff's complaint sought independent *mandamus* relief to require the Sheriff to use the Cook County State's Attorney to prosecute this case and did not seek to secure reversal of an administrative decision with a writ of *mandamus*, we find the circuit court had jurisdiction over plaintiff's claims. Therefore, this court also has jurisdiction over plaintiff's appeal of the trial court's judgment as to that claim. Compare *Gantz v. McHenry County Sheriff's Department Merit Comm'n*, 296 Ill. App. 3d 335, 340 (1998).

¶ 18    Next, we find plaintiff has failed to plead facts to state a claim upon which the *mandamus* relief he seeks can be granted. As we stated previously, *mandamus* is an extreme remedy that is only used to enforce a clear right to performance of a nondiscretionary duty. *Pate*, 2019 IL App (1st) 190449, ¶ 25. *Mandamus* cannot be used to force a government official to make a discretionary decision in a certain way. *Id. Mandamus* is not itself a right but, "rather, an extraordinary *remedy*." (Emphasis added.) *Kramer v. City of Chicago*, 58 Ill. App. 3d 592, 598 (1978). That is, "no rights can be acquired in a *mandamus* proceeding, the purpose being only to enforce rights already lawfully vested." *Id.* "There must be a 'logical nexus' between petitioner's status and the relief sought and he must show that he has a clear and undoubted right to the issuance of the writ." *Warden v. Byrne*, 102 Ill. App. 3d 501, 506 (1981). A plaintiff seeking *mandamus* may not simply make a conclusory statement that they have a clear right to the issuance of the writ; the petitioner must "specifically allege the essential allegations of fact" that they have a right to the performance of the duty. *Solomon v. City of Evanston*, 29 Ill. App. 3d 782, 790 (1975).

¶ 19    Moreover,

> "[i]n *mandamus* cases, the burden is on the plaintiff to show that he has a clear
> legal right to the writ. [Citation.] A complaint for a writ of *mandamus* must set

forth every material fact necessary to demonstrate the plaintiff's clear right to the writ. [Citation.] However, the presence of the legal right to a writ of *mandamus* does not necessarily furnish a basis for its issuance. [Citation.] In addition, while *mandamus* is an action at law, courts apply equitable principles in deciding whether a plaintiff has shown a clear right to such an extraordinary remedy [citation], and issue writs of *mandamus* within their discretion according to what seems necessary and proper to achieve a just result [citations]." *Thomas v. Village of Westchester*, 132 Ill. App. 3d 190, 196 (1985).

¶ 20    Based on the foregoing standards applicable to a petition for a writ of *mandamus*, plaintiff has failed to state a claim upon which relief can be granted, plaintiff cannot allege sufficient facts to state a claim for the *mandamus* relief requested, and therefore, the trial court properly granted defendants' motion to dismiss with prejudice. First, plaintiff has failed to allege facts to state a claim for *mandamus* relief, and we find plaintiff cannot allege such facts because, contrary to plaintiff's conclusory assertion in count III, we find that section 3-9005(a) of the Counties Code, based on its plain language, does not establish a "clear duty" on the part of the Sheriff to utilize the State's Attorney's office to prosecute proceedings before the Merit Board nor does the Illinois Constitution.

¶ 21    Plaintiff's constitutional argument fails on its merits because the applicable provision of the constitution on which plaintiff relies (see *supra* ¶ 14) does not speak to a duty, ministerial or otherwise, on the part of the Sheriff to ask or compel the State's Attorney to "commence and prosecute all actions and proceedings brought by any county officer in the county officer's official capacity." See Ill. Const. 1970, art. VII, § 4(d). We note that the duties of a constitutional officer, like the Sheriff (Ill. Const. 1970, art. VII, § 4(c)) are limited to those powers possessed at

common law or conferred by statute. See *Moy v. County of Cook*, 159 Ill. 2d 519, 526 (1994);
*People ex rel. Walsh v. Board of Commissioners*, 397 Ill. 293, 300 (1947) ("the duties of a
constitutional officer may be added to by statute"); *People ex rel. Devine v. Time Consumer
Marketing, Inc.*, 336 Ill. App. 3d 74, 81 (2002). Therefore, we cannot expand upon them through
statutory construction. Regardless, plaintiff failed to pursue his alleged constitutional argument
in this appeal, thereby forfeiting it as a ground for relief. See *Umrani v. Sindhi Ass'n of North
America*, 2021 IL App (1st) 200219, ¶ 30.

¶ 22     Next, the plain language of section 3-9005 belies plaintiff's claim. The plain language of
section 3-9005(a)(3) only imposes a duty on the State's Attorney to "commence and prosecute"
actions "brought" by the county officer in the county officer's official capacity. 55 ILCS 5/3-
9005(a)(3) (West 2018). The statute does not provide how an action or proceeding is "brought"
by a county officer, such as whether it be by the filing of a complaint or the submission of the
action directly to the State's Attorney to "commence;" *i.e.*, file. To construe this provision, we
must read the plain language of the statute in its context of the entire statutory scheme at play.
See *O'Connell*, 2021 IL App (1st) 201031, ¶ 23 ("[W]e follow the cardinal rule of statutory
construction, which is to ascertain and give effect to the legislature's intent, and the plain
language of the statute is the best indication of that intent. [Citation.] *** 'The statute should be
evaluated as a whole, with each provision construed in connection with every other
section.' [Citation.]").

¶ 23     Section 3-7012 of the Counties Code specifically requires the Sheriff to file written
charges with the Merit Board. 55 ILCS 5/3-7012 (West 2018). Furthermore, the rules of the
Cook County Sheriff's Merit Board provide that "the Sheriff *** may be represented by
counsel," but representation by counsel is not required by those Rules. Cook County Sheriff's

Merit Board Rules and Regulations, art. IX(E)(2) (amended Apr. 19, 2018) (last visited June 14, 2022) [https://perma.cc/33M7-CXXB]. Thus, we first find that in this context section 3-9005(a)(3) is a general provision that permits the State's Attorney to "commence and prosecute" actions and proceedings that it may "bring" in the county officer's official capacity in proceedings other than those specifically enumerated in other sections of the statute, including proceedings before the Merit Board, whereas section 3-7012 is a specific provision mandating that the Sheriff is the county officer that files written charges for discipline of an employee. It is well settled that a more specific statute on a topic controls over a more generally worded statute. *McCaskill v. Municipal Officers Electoral Board*, 2019 IL App (1st) 190190, ¶ 24. Further, "[w]hen, as in this case, two statutes relate to the same subject matter, we presume that the legislature intended both statutes to be operative and harmonious, and we must construe them with reference to each other so as to give effect to all of the provisions of each statute." *Let Forest Park Vote on Video Gaming v. Village of Forest Park Municipal Officers Electoral Board*, 2018 IL App (1st) 180391, ¶ 12 (citing *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 218 (2008)). Additionally, this court reads statutes and administrative rules together to make legislation harmonious and sensical. *Kankakeeland Community Action Program, Inc. v. Department of Commerce & Community Affairs*, 197 Ill. App. 3d 1067, 1074 (1990) (when courts interpret these rules in conjunction with a statute, they should construe the rules "together with the statute to make, if possible, an effective piece of legislation in harmony with common sense and sound reason" (internal quotation marks omitted)).

¶ 24    We find that the Counties Code does not contain a clear directive to the State's Attorney to "commence" proceedings before the Merit Board specifically (55 ILCS 5/3-9005(a)(3) (West

2018)), although the legislature did provide such clear directives in other contexts; and there is a clear legislative directive that no employee of the department of corrections may be removed "except for cause, upon written charges filed with the [Merit] Board" by the Sheriff. *Id*. § 3-7012. Reading all of the relevant enactments harmoniously, we find that the legislature intended, at minimum, that the Sheriff "commence" proceedings to remove an employee of the department of corrections by filing written charges with the Merit Board. It follows, then, that the legislature did not intend the State's Attorney to be the sole entity to "commence" proceedings before the Merit Board or, consequently, to be the sole entity to "prosecute" all proceedings or actions before the Merit Board. If the legislature had so intended, it would not have required the Sheriff to "commence" proceedings to discipline an employee by filing written charges before the Merit Board, nor could have the Board adopted a rule stating that the Sheriff only "may" be represented by counsel (*Hadley v. Illinois Department of Corrections*, 224 Ill. 2d 365, 385 (2007) ("Where an administrative rule conflicts with the statute under which it was adopted, the rule is invalid.")) in the face of the language of section 3-9005 empowering the State's Attorney to "commence and prosecute" proceedings in county officers' names. Furthermore, nothing in the plain language of section 3-9005(a)(3) can be read, in light of the other more specific impositions of duties, to require the State's Attorney to "commence and prosecute" proceedings before the Merit Board specifically.

¶ 25    To receive the remedy of *mandamus*, the petitioner's right to the relief sought must be clear and free from doubt. *Pate*, 2019 IL App (1st) 190449, ¶ 34 (citing *People v. Latona*, 184 Ill. 2d 260, 277 (1998)); *Wolf v. Village of Mount Prospect*, 314 Ill. App. 23, 27 (1942)). The trial court did not err in finding plaintiff failed to state a claim for relief that was clear and free from doubt. There is no clear statutory requirement that the State's Attorney is the only entity that can

represent the Sheriff in proceedings before the Merit Board. Because plaintiff's interpretation of the statutes is erroneous, there is no set of facts on which plaintiff would be entitled to the relief sought. *Kopnick v. JL Woode Management Co., LLC*, 2017 IL App (1st) 152054, ¶ 21 ("A cause of action should not be dismissed with prejudice \*\*\*, unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover."); *Pate*, 2019 IL App (1st) 190449, ¶ 25 ("*Mandamus* cannot be used to direct a public official \*\*\* to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously exercised." (Internal quotation marks omitted.)). Therefore, the trial court properly granted the motion to dismiss with prejudice.

¶ 26    Although (properly) not cited by either party, we are aware of *Wilson v. County of Marshall*, 257 Ill. App. 220 (1930), a relevant but nonbinding decision from this court. Although a decision may involve "some factual parallels, \*\*\* it is nonbinding Illinois authority because it is an intermediate appellate court decision filed before 1935." *Greggs USA, Inc. v. 400 East Professional Associates, LP*, 2021 IL App (1st) 200959, ¶ 19 (citing *Reichert v. Court of Claims of the State of Illinois*, 203 Ill. 2d 257, 262 n.1 (2003) (Illinois appellate court opinions prior to 1935 are not binding but can be persuasive authority)). *Wilson* could be interpreted to stand for the proposition that in civil matters a county officer should seek representation by the state's attorney or a special state's attorney before contracting different counsel, which *Wilson* clearly holds a county may do once those procedures are followed. See *Wilson*, 257 Ill. App. at 228-29. Nonetheless, *Wilson* may be limited to its facts, which are readily distinguishable from the case at bar.

¶ 27    In *Wilson*, the action for which the county contracted private counsel was a prosecution against the former county treasurer for the embezzlement of tax funds. *Id.* at 221-22. The *Wilson*

court found that "the duty of prosecuting a county treasurer, either criminally or civilly, on account of shortage in his accounts, primarily devolves upon the State's Attorney, and his duty and right to institute and carry on such prosecutions cannot be interfered with or curtailed by the county board." *Wilson*, 257 Ill. App. at 225. However, the court also found, but did not expressly repudiate with regard to matters other than prosecuting a county treasurer (see *id*. at 224-25 ("Whatever conflict there may appear to be in earlier decisions, the law relating to the powers and duties of a constitutional officer, such as the State's Attorney, is definitely stated in *Fergus v. Russel*, 270 Ill. 304 [(1915)], and we take it that the duty of prosecuting a county treasurer, either criminally or civilly, on account of shortage in his accounts, primarily devolves upon the State's Attorney, and his duty and right to institute and carry on such prosecutions cannot be interfered with or curtailed by the county board.")), that "[t]here are to be found decisions of the courts in this State which appear to hold that the county board, as the fiscal agent of the county, may contract for the employment of counsel of its own choice, to prosecute or defend actions which involve the county's concern" (*id*. at 223). Regardless, as stated *Wilson* is not binding authority and, given its unique circumstances, is of no precedential value to us.

¶ 28    Based on the foregoing we hold that the trial court properly granted defendants' motion to dismiss with prejudice. In addition, we also find that the trial court properly granted the motion to dismiss because plaintiff failed to plead specific facts to demonstrate a right to the remedy of *mandamus* in this case. To plead a claim upon which *mandamus* relief can be granted, a petitioner must allege facts that " 'establish a clear right to the requested relief, a clear duty of the public officer to act, and clear authority of the public officer to comply with the order. [Citation.]' " *Hughes v. Godinez*, 2014 IL App (4th) 130056, ¶ 18 (quoting *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17). In this case, count III of plaintiff's complaint alleges that

plaintiff "has a clear right to a writ of *mandamus*" because the State's Attorney's "independence *** is essential to protect *** the Officers being prosecuted" and to enable "just and appropriate decision-making as to the prosecution of cases." Plaintiff alleges he was "deprived of the safeguards of the professional independence of" the State's Attorney. However, plaintiff's complaint fails to allege any facts that demonstrate that plaintiff was "deprived of the safeguards of the professional independence" of the State's Attorney.

¶ 29    Illinois is a fact-pleading jurisdiction.

"'Because Illinois is a fact-pleading jurisdiction, a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged. [Citation.] To survive a motion to dismiss for the failure to state a cause of action, a complaint must be both legally and factually sufficient. A liberal construction of pleadings will not allow a litigant to resort to notice pleading, and conclusions of fact will not suffice to state a cause of action regardless of whether they generally inform the defendant of the nature of the claim against him.'" *Quinn v. Board of Election Commissioners for the City of Chicago Electoral Board*, 2019 IL App (1st) 190189, ¶ 42 (quoting *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 434 (2007)).

¶ 30    Even where a right to *mandamus* relief might lie, the petitioner still has the burden to adequately plead facts that demonstrate a clear right to the *mandamus* relief sought. "*Mandamus* will issue only where the plaintiff has fulfilled his burden [citation] to set forth *every* material fact needed to demonstrate that (1) he has a clear right to the relief requested ***." (Emphasis in original and internal quotation marks omitted.) *Id*. ¶ 42. The trial court properly grants a motion to dismiss a complaint for *mandamus* where the petitioner fails to plead every element required

to entitle the petitioner to *mandamus* relief regardless of whether some elements are adequately pled. See *id*. ¶¶ 43, 46 ("Even if we assume that the amended complaint properly pleaded both a clear right of the petitioners to their desired relief and a clear duty on the part of the Board of Elections to perform a ministerial act, we would still conclude that the amended complaint failed to properly plead *clear authority* on the part of the Board of Elections to comply with the terms of the writ for *mandamus* requested in the amended complaint" where the "scant allegations fail to meet the requirement that the petitioners set forth *every material fact* needed to demonstrate that clear authority exists in the Board of Elections and its members to comply" (emphases in original)). Accord *Wilson*, 257 Ill. App. at 226.

¶ 31    As previously stated, we find that plaintiff failed to plead facts establishing a clear right to the desired relief; *i.e.*, that the State's Attorney is the sole counsel permitted to prosecute the disciplinary proceedings against him. There is no statutory authority for that position, and therefore, plaintiff can have no clear right to it. See *Hughes*, 2014 IL App (4th) 130056, ¶ 22 (rejecting the plaintiff's argument that the defendant "had a 'clear duty' to act in the manner he contends" based on construction of applicable statutory provision). Our finding that the statutes and rules as a whole do not expressly require the Sheriff to utilize the State's Attorney's representation before the Merit Board also calls into question whether the Sheriff has a clear duty to act as requested. Nonetheless, we again note that "*mandamus* does not lie to correct an act involving the exercise of judgment or discretion even if erroneous." *Daley v. Hett*, 113 Ill. 2d 75, 80 (1986). Regardless, whether or not the Sheriff could comply with a writ by engaging the State's Attorney, plaintiff has failed to plead a clear right to the relief sought. Moreover, plaintiff is unable to plead any set of facts to demonstrate a clear right to the relief sought because the statutory scheme is *contra* to the existence of plaintiff's alleged right.

¶ 32 Finally, we note that plaintiff's argument that the decision is void because he was allegedly not prosecuted by a validly appointed State's Attorney lacks merit. Administrative agencies have no common-law authority; rather, their power is derived from and limited to the power given them by the legislative body that created them. *Goral v. Dart*, 2019 IL App (1st) 181646, ¶ 32. Therefore, an action by an administrative agency is "void" when the agency acts beyond its statutory authority. *Id.* In this case, the Merit Board did not act beyond its statutory authority; therefore, its decision is not "void." Accordingly, the trial court properly granted defendants' motion to dismiss count III of plaintiff's complaint with prejudice. See *Quinn*, 2019 IL App (1st) 190189, ¶ 47.

¶ 33                                    CONCLUSION

¶ 34 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 35 Affirmed.

2022 IL App (1st) 210091

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-CH-8869; the Hon. Moshe Jacobius, Judge, presiding. |
| **Attorneys for Appellant:** | Cass T. Casper and Nicollette Haines, of Disparti Law Group, P.A., of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kevin W. Frey, of Laner Muchin, Ltd., of Chicago, for appellees Thomas J. Dart and Cook County.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Lyle K. Henretty and Miguel E. Larios, Assistant State's Attorneys, of counsel), for other appellee. |