2025 IL App (1st) 250351

THIRD DIVISION
April 9, 2025

No. 1-25-0351

| | |
|---|---|
| MAX SOLOMON, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Cook County |
| | ) |
| v. | ) No. 2025 CH 00838 |
| | ) |
| ISAAC R. WISEMAN, In his capacity as Clerk and Local | ) |
| Election Official for the Village of Hazel Crest, Cook County, | ) |
| Illinois, and MONICA GORDON, In her capacity as Cook County | ) |
| Clerk, | ) Honorable |
| | ) Viviana Martinez, |
| Defendants-Appellees. | ) Judge, Presiding. |

JUSTICE D. B. WALKER delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Martin concurred with the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Max Solomon filed an emergency complaint in mandamus against defendant Isaac

R. Wiseman, in his official capacity as clerk and local election official for the Village of Hazel

Crest, and Monica Gordon,[1] in her official capacity as Cook County Clerk. Plaintiff sought an

order directing Wiseman to certify plaintiff as a candidate for mayor of the Village of Hazel Crest

in the April 1, 2025 election. Wiseman filed a motion to dismiss the complaint, which the circuit

court granted. On appeal, plaintiff contends that the circuit court should not have dismissed his

complaint where Wiseman lacked the authority to invalidate plaintiff's nomination papers based

---

[1]    Plaintiff filed a motion to dismiss Gordon as a defendant, and at the hearing on Wiseman's motion to dismiss, plaintiff stated that he had voluntarily dismissed Gordon from the action.

on his belief that plaintiff had also filed nomination papers for an "incompatible office." For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Plaintiff alleged in his complaint that on November 18, 2024, he filed his nomination papers as an Independent candidate for mayor of the Village of Hazel Crest in the April 1, 2025 general election. Wiseman, as the clerk and local election official for the village, received his papers. On January 8, 2025, Wiseman notified plaintiff that a lottery would be conducted to determine his ballot position. The lottery was conducted on January 10, 2025 and plaintiff "secured a place on the ballot."

¶ 4     On January 24, 2025, plaintiff received an email from Wiseman stating the following:

          "This is to advise you that your name has not been certified for placement on the April 1, 2025 ballot because of your nomination papers not being in 'apparent conformity' with the requirements of law. As you are aware from the decision of the Village of Robbins Electoral Board you cannot be on the ballot for two incompatible offices. I was made aware that you filed nomination papers to be on the South Suburban College Board and have not withdrawn your candidacy. Also, you have filed for Village President (Mayor) of the Village of Hazel Crest[.] [P]ursuant to the attorney general's opinion and the Village of Robbins Electoral Board reasoning, I will not be listing you on the certification tendered to the Cook County Clerk."

¶ 5     On January 27, 2025, plaintiff filed an emergency complaint in mandamus, alleging that he had "timely and properly filed" his nomination papers, and no objections were filed against him. He filed an amended complaint on February 7, 2025. Therein, he alleged that he had a "fundamental right to a place on the ballot as a Candidate for the office of Mayor of the Village of

Hazel Crest" in the April 1, 2025 general election. He further alleged that, since he properly filed his nomination papers, it was Wiseman's duty as clerk and local election official of Hazel Crest to certify plaintiff's name as a candidate for mayor of Hazel Crest in the upcoming election so that plaintiff could be placed on the ballot. However, Wiseman "refuse[d] to perform his statutorily assigned ministerial duty of certifying the name of Max Solomon as a Candidate for the office of Mayor for the Village of Hazel Crest." For relief, plaintiff requested that the circuit court direct Wiseman to certify plaintiff's name for placement on the ballot as a candidate for mayor in the April 1, 2025 election, and for monetary damages plaintiff incurred in pursuing his mandamus action.

¶ 6    Wiseman filed a combined motion to dismiss plaintiff's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)). Wiseman argued that plaintiff's complaint was subject to dismissal under section 2-615 (735 ILCS 5/2-615 (West 2022)) because it did not state a legally cognizable claim for mandamus relief. Specifically, plaintiff alleged no facts showing "(1) a clear right to the relief requested, (2) a clear duty of the public official to act, and (3) clear authority in the public official to comply with the writ."

¶ 7    Wiseman further argued that plaintiff's complaint should be dismissed under section 2-619 (735 ILCS 5/2-619 (West 2022)) where plaintiff was also named a candidate for the South Suburban College Board in the April 1, 2025 election. He argued that section 10-7 of the Election Code (10 ILCS 5/10-7 (West 2022)) prevented plaintiff from being certified as a candidate because plaintiff was a candidate for two incompatible offices in the same election. Wiseman alleged that plaintiff's complaint provided "no statement or factual allegation that 1) he did not file nomination papers for South Suburban College Board; or (2) that he withdrew such nomination papers."

Therefore, plaintiff's complaint should be dismissed because Wiseman had no authority under the Election Code to certify plaintiff's name for the mayoral ballot.

¶ 8    The circuit court held a hearing on the motion. At the hearing, plaintiff argued that Wiseman improperly looked beyond plaintiff's papers to determine that plaintiff was a candidate for two incompatible offices. He contended that in determining whether his nomination papers were in apparent conformity with the Election Code, Wiseman was "limited to what's on the four corners of the nomination papers." Plaintiff argued to the court that "[f]or that reason alone, *** this case must be summarily, summarily denied against them and entered in my favor." The court reminded plaintiff that this was a hearing on Wiseman's motion to dismiss but "I'm hearing you argue the merits of your petition for mandamus***." Plaintiff responded that, pursuant to the section 2-615 motion to dismiss, he filed his papers on November 18, 2024 with the clerk. Therefore, the clerk had a "clear duty to act to certify" him.

¶ 9    On February 25, 2025, the circuit court granted Wiseman's motion and dismissed plaintiff's complaint with prejudice. The court interpreted section 10-7 of the Election Code (10 ILCS 5/10-7 (West 2022)) as not allowing the certification of a candidate who filed nomination papers for two incompatible offices and failed to withdraw as a candidate for one of them. As a result, plaintiff failed to allege facts establishing his right to relief.

¶ 10    The court further found that "[p]laintiff might prevail in the absence of Section 10-7." However, it was "compelled to read both Section 10-7 and Section 10-8 of the Election Code together, and such a reading does not allow for the certification of a candidate who files nomination papers for incompatible offices ***." Since plaintiff failed to withdraw as a candidate for one of the positions, his name "shall not be certified, nor printed on the ballot, for any office." The court

ruled that plaintiff's complaint was barred by affirmative matter avoiding the legal effect of or defeating his claim. The court's written order stated that its judgment was "final and appealable."

¶ 11    That same day, plaintiff filed a motion, pursuant to Illinois Supreme Court Rule 311(b) (eff. July 1, 2018), to accelerate the docket and for this court to issue an expedited decision. We granted plaintiff's motion and set an expedited briefing schedule. We now consider plaintiff's appeal.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, plaintiff contends that the trial court erred in dismissing his complaint for writ of mandamus where the basis for the court's dismissal, that plaintiff was a named candidate for two or more incompatible offices in the election, was not clearly apparent on the face of the complaint. Plaintiff further argues that Wiseman lacked the authority to unilaterally determine whether the offices were "incompatible" pursuant to section 10-7.

¶ 14    A section 2–619.1 motion to dismiss is a combined section 2–615 and section 2–619 motion to dismiss. *In re County Treasurer*, 2012 IL App (1st) 101976, ¶ 28. We first consider the circuit court's dismissal pursuant to section 2-615, based on its finding that plaintiff failed to allege facts establishing a clear right to mandamus relief. When reviewing a section 2-615 motion to dismiss, the relevant inquiry is whether the allegations in the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a claim. *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 61. The complaint must allege sufficient facts to support all the elements of his cause of action. *Seals v. Rush University Medical Center*, 2021 IL App (1s t) 200558, ¶ 11. All well-pleaded facts are accepted as true, and dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts that will entitle him or her to relief. *Sheffler*, 2011 IL 110166, ¶ 61. A motion to dismiss under either section 2–615 or section 2–619 presents a question of law that

we review *de novo*. *Kean*, 235 Ill.2d at 361. We may also affirm the circuit court's judgment granting dismissal on any basis supported by the record, regardless of whether the circuit court relied on that basis, or if its reasoning was correct. *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 17.

¶ 15  Mandamus is an extraordinary remedy that compels a public officer to perform his or her official duties where no exercise of discretion is involved. *Burris v. White*, 232 Ill. 2d 1, 7 (2009). To state a cause of action for mandamus relief against a public official, plaintiff must plead facts showing (1) a clear right to the relief requested, (2) that the public official had a clear duty to act, and (3) that the official had clear authority to comply with the writ. *Beauchamp v. Dart*, 2022 IL App (1st) 210091, ¶ 9.

¶ 16  Plaintiff relies on Section 10-8 of the Election Code to support his claim for mandamus relief. Section 10-8 provides, in relevant part:

> "Except as otherwise provided in this Code, certificates of nomination and nomination papers, and petitions to submit public questions to a referendum, being filed as required by this Code, and being in apparent conformity with the provisions of this Act, shall be deemed to be valid unless objection thereto is duly made in writing within 5 business days after the last day for filing the certificate of nomination or nomination papers or petition for a public question.***." 10 ILCS 5/10-8 (West 2022).

This court has found that section 10-8 sets forth "two conditions precedent that must be complied with in order for nomination papers to be valid: (1) the nomination papers have to be filed as required by the Code, and (2) the nomination papers have to be in apparent conformity with the provisions of the Election Code." *Druck v. Illinois State Board of Elections*, 387 Ill. App. 3d 144, 155 (2008).

¶ 17    In his amended complaint, plaintiff alleged that, as a candidate for mayor of Hazel Crest in the April 1, 2025 election, he "timely and properly" filed his nomination papers with Wiseman, the clerk and local election official for the village. He alleged that, as a result, he had a "fundamental right to a place on the ballot as a Candidate for the office of Mayor of the Village of Hazel Crest" in the April 1, 2025 general election. Plaintiff alleged that, since he properly filed his nomination papers, it was Wiseman's duty as clerk and local election official of Hazel Crest to certify plaintiff's name as a candidate in the upcoming election, but Wiseman has "refuse[d] to perform his statutorily assigned ministerial duty of certifying plaintiff's name as a candidate." Plaintiff therefore requested mandamus relief.

¶ 18    Plaintiff's complaint, however, alleged no facts showing that the two conditions precedent in section 10-8 have been satisfied. The complaint merely concluded that the nomination papers were "timely and properly filed." On a section 2-615 motion to dismiss, plaintiff's complaint may not rely on mere conclusions of law or fact unsupported by specific factual allegations. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). Moreover, his complaint did not address whether his papers were in apparent conformity with the provisions of the Election Code. For nomination papers to be deemed valid under section 10-8, they must meet the conditions precedent set forth therein. *Druck*, 387 Ill. App. 3d at 155.

¶ 19    Furthermore, since plaintiff did not allege facts showing that those conditions were satisfied, he cannot show that Wiseman had a clear duty to act. As a clerk and local election official, Wiseman has the duty "to examine the nominating papers to determine whether upon their face they are in apparent conformity with the Election Code." *Id*. However, Wiseman is required to certify a candidate's name to the county clerk only if the candidate's nomination papers are valid.

*Id*. As we discussed, plaintiff's complaint did not allege sufficient facts showing that his nomination papers were valid pursuant to section 10-8.

¶ 20    Accordingly, plaintiff's complaint did not sufficiently allege facts supporting his clear right to mandamus relief or showing that Wiseman had a clear duty to act. Therefore, we find that the circuit court properly dismissed plaintiff's complaint pursuant to section 2-615.[2]

¶ 21    We also find that, because plaintiff did not sufficiently allege facts showing that Wiseman had a clear duty to certify his name as a candidate, we need not consider plaintiff's argument that Wiseman improperly refused such certification based on section 10-7 of the Election Code. This contention presumes that Wiseman had a duty to certify him as a candidate for mayor, which plaintiff's complaint did not sufficiently establish.

¶ 22    Finally, we address plaintiff's request on appeal that this court "enter an order directing and commanding" Wiseman to certify plaintiff's name for the ballot as a candidate for mayor of the Village of Hazel Crest in the April 1, 2025 election. It is noteworthy that in this appeal, we are considering only the dismissal of plaintiff's complaint for mandamus relief. If this court were to reverse the circuit court's dismissal, the effect would be to reinstate the complaint in the circuit court for a determination on the merits. *Nyhammer v. Basta*, 2022 IL 128354, ¶ 24. Therefore, it would be improper for this court to grant the mandamus relief plaintiff requests. See *id*. (finding that "further proceedings were required in the circuit court, including the filing of an answer and,

---

[2]    We note that the circuit court dismissed plaintiff's complaint with prejudice, and there is no indication in the record that plaintiff sought to file a second amended complaint. On appeal, plaintiff has not argued that the dismissal of his complaint with prejudice was in error. "The general rule is that where a trial court dismisses a complaint and plaintiff does not seek leave to amend, the cause of action must stand or fall on the sufficiency of the stricken pleading." *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 435 (2004).

absent the filing of dispositive motions, a hearing to adjudicate the truth of the matters alleged in the complaint," before the mandamus relief sought could be granted).

¶ 23                                        III. CONCLUSION

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 25    Affirmed.

*Max Solomon v. Isaac R. Wiseman*, **2025 IL App (1st) 250351**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2025CH00838; the Hon. Viviana Martinez, Judge, presiding. |
| **Attorneys for Appellant:** | McStephen O. A. Solomon, of Hazel Crest, for appellant. |
| **Attorneys for Appellee:** | Burton S. Odelson and Jayman A. Avery, of Odelson, Murphy, Frazier & McGrath, Ltd., of Evergreen Park, for appellee. |