NOTICE
Decision filed 06/02/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250390-U

NO. 5-25-0390

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| MATTHEW A. DAVIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 24-MR-331 |
| | ) | |
| MADISON COUNTY SHERIFF, | ) | Honorable |
| | ) | Ronald J. Foster, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the circuit court of Madison County that dismissed the plaintiff's petition for writ of *mandamus*, because the plaintiff has not shown that he has a clear right to the *mandamus* relief he seeks from the defendant. Accordingly, dismissal of his petition was appropriate.

¶ 2    The plaintiff, Matthew A. Davis, appeals the judgment of the circuit court of Madison County that dismissed his petition for writ of *mandamus*, which was directed against the Madison County Sheriff. For the reasons that follow, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    On November 6, 2024, the plaintiff filed a motion for leave to file a petition for writ of *mandamus*, along with his proposed petition (petition) and accompanying exhibits. In the petition, the plaintiff alleged that he was presently incarcerated in the Illinois Department of Corrections

1

(IDOC), "serving a sentence of natural life for the charge of murder." He alleged that on June 4, 2004, an allegation was made that the plaintiff and two other detainees at the Madison County jail were planning an escape. The plaintiff alleged that the allegation against him "was investigated by jail staff and subsequently no evidence was produced to support the allegation." He alleged that as a result, he "was not issued a disciplinary report nor charged criminally." He further alleged that pursuant to the policy of the county jail, as well as Illinois and federal law, "due to the lack of any evidence supporting the allegation, due process protections require that the document be expunged from [his] jail file."

¶ 5      The plaintiff alleged that he had "made numerous requests to the [defendant] that this document be expunged" but that the defendant "refuses to comply with such requests." He alleged that "[t]he presence of such extreme and inflammatory allegations, *i.e.* that [he] attempted to kill jail staff and escape from custody" had impacted every aspect of his daily life in IDOC, including "housing, job assignment, classification, education, treatment from staff, and transfer eligibility." He asked the circuit court to issue an order of *mandamus* compelling the defendant "to expunge any reference to the [June 4, 2004,] allegations *** from [his] jail file," and to inform IDOC "of such expungement."

¶ 6      The first exhibit that was filed with the petition was an IDOC offender tracking system sheet dated October 23, 2006, that referenced an escape risk review and stated that the plaintiff "made plans to escape, jam locks, and kill staff while housed at Madison County Jail." The second exhibit was a Madison County jail miscellaneous incident report dated June 4, 2004, which included the allegation that the plaintiff and two other detainees "were planning to escape from the Special Housing Unit," and which described in detail the alleged escape plan, including that the three detainees would "kill a guard, put on his uniform and try to leave the jail." The report stated

2

that the reporting correctional officer notified Sergeant Moore, who in turn notified Captain Gulash. The report stated that Captain Gulash instructed Sergeant Moore to conduct "a shake down in the Special Housing Unit and advise the other shifts of this information." The report did not contain any further information about an investigation of the allegation or any findings of such an investigation.

¶ 7    An additional exhibit filed with the petition contained excerpts from a transcript of a deposition purportedly given by Joe Gulash on November 20, 2008. Therein, Gulash testified that he was a captain and the jail superintendent in June of 2004. He testified that he did not investigate the allegation involving the plaintiff, because the investigation "was done by the reporting officer." When asked if he found any evidence to support the allegation, Gulash testified, "I personally didn't, no." He testified that he could not recall if anyone else found any evidence. When asked if "any of the allegations" about "the details of an escape plan involving [the plaintiff]" were "supported by any evidence revealed in an investigation," Gulash testified, "Not to my knowledge." He thereafter testified that the plaintiff was not provided a hearing on the allegation that the plaintiff was involved in an escape plan. He agreed that the plaintiff had asked him "on various occasions after he was placed on high security status" to review the decision to place him on that status.

¶ 8    Also filed with the petition as an exhibit was an IDOC grievance officer's report that indicated that in late 2022, the plaintiff asked that the escape allegation be expunged from his record, because the plaintiff alleged that the allegation "was investigated and proven to be false." The report stated that after a further investigation of the allegation, "per Madison County Jail, [the plaintiff] made plans to prop his door with toothpaste caps," and that the plaintiff "planned to kill a guard and would try to leave the jail by wearing his uniform." The report concluded that the

3

plaintiff's "moderate escape risk" status was appropriate, and that the plaintiff's grievance should be denied.

¶ 9     On November 21, 2024, the circuit court granted leave for the plaintiff to file the petition. On February 3, 2025, the defendant filed a motion to dismiss the petition "pursuant to 735 ILCS 5/2-615 and 735 ILCS 5/2-619(a)(5)." The defendant argued that the petition (1) failed to state a claim for *mandamus*, because the plaintiff had "not alleged any facts that show he has a clear right to the relief requested," and "failed to allege any legal basis for his request"; and (2) should be time barred by the doctrine of *laches*. On February 27, 2025, the plaintiff filed a motion in opposition to the defendant's motion to dismiss, in which the plaintiff contended, *inter alia*, that the petition demonstrated "a clear right to the relief sought by allegations of specific material facts," that it met all of the other requirements for *mandamus* relief, and that *laches* should not be applied because the plaintiff exercised due diligence in pursuing his claim, including pursuing "numerous and unending efforts" to have his record expunged. The plaintiff detailed some of those efforts in his motion and included an affidavit in support of his allegations. The plaintiff also claimed that the defendant had not shown any prejudice by any delay. The plaintiff added that once he "was denied due process, the report should have been expunged," and that the only issue "that needs to be decided *** is whether [the plaintiff] was afforded due process." In his affidavit, the plaintiff contended that the inmate who reported the alleged escape plan to jail officials "had been in a documented altercation with" the plaintiff two weeks before that inmate informed "jail staff [that the plaintiff] was planning an escape."

4

¶ 10    On March 26, 2025, the circuit court entered an order in which it stated that a hearing had been held on the defendant's motion to dismiss.[1] The circuit court stated that it had considered the pleadings of the parties, the relevant law, and the oral arguments of the parties. The circuit court found that the plaintiff had not alleged "any facts that indicate he has a right to the relief he is requesting," and that accordingly, the petition failed to state a claim. The circuit court also found that the petition should be barred by *laches*, because the plaintiff did not "give a reasonable excuse for his lack of diligence" in pursuing his *mandamus* claim, and because the defendant was prejudiced by the delay, in that "[e]mployees of the [d]efendant who have knowledge of the incident have retired and it will be difficult for the [d]efendant to properly defend the action." The circuit court therefore dismissed the petition. On April 21, 2025, the plaintiff filed a motion to reconsider, which the circuit court denied on April 24, 2025. This timely appeal followed.

¶ 11                                 II. ANALYSIS

¶ 12    This court reviews *de novo* a circuit court's decision to grant a defendant's motion to dismiss a petition for writ of *mandamus*, which means that we perform the same analysis the circuit court would perform, with no deference given to the circuit court's judgment. *Beauchamp v. Dart*, 2022 IL App (1st) 210091, ¶ 8. To survive a motion to dismiss a *mandamus* petition, a plaintiff must plead facts that are sufficient to state a claim on which relief can be granted. *Id.* We accept as true all well-pled facts and reasonable inferences drawn from them, and we view those facts in

---

[1]There is no transcript of the hearing in the record on appeal. On July 17, 2025, the plaintiff filed a motion in this appeal in which he asked this court to compel the circuit court to supplement the record on appeal with a transcript of the hearing. On August 25, 2025, this court denied the plaintiff's motion because the hearing was conducted via Zoom and there was no indication in the common law record that a court reporter was present during the hearing. Because, for the reasons explained below, the plaintiff's claim fails as a matter of law, we conclude that a transcript of the hearing would not have been helpful to the plaintiff and is not necessary to our disposition of this appeal.

the light most favorable to the plaintiff. *Id.* However, we disregard mere conclusions of law or facts that are unsupported by the evidence. *Id.*

¶ 13    A writ of *mandamus* is a mechanism used to enforce a plaintiff's right to a public officer's performance of an official nondiscretionary duty. *Id.* ¶ 9. It is considered an extraordinary remedy, and cannot be used to direct a public officer to reach a particular decision or to exercise the officer's discretion in a particular manner, even if previously the judgment or discretion has been erroneously exercised. *Id.* To state a cause of action for *mandamus* relief, a plaintiff must plead facts that establish a clear right to the relief requested by the plaintiff, a clear duty of the public official to act, and clear authority in the public officer to comply with the writ of *mandamus*. *Id.*

¶ 14    Moreover, *mandamus* is not itself a right; it is exclusively a remedy. *Id.* ¶ 18. Accordingly, a plaintiff may not acquire rights in a *mandamus* proceeding; to the contrary, the proceeding may be used only to enforce rights that have already lawfully vested. *Id.* There must exist a logical nexus between the plaintiff's status and the relief sought, and the plaintiff must show that the plaintiff has a clear and undoubted right to the issuance of the writ of *mandamus*. *Id.* Accordingly, a plaintiff may not simply make a conclusory statement asserting a clear right to the issuance of the writ of *mandamus*; instead, the plaintiff must specifically allege the essential allegations of fact that demonstrate that the plaintiff has a right to the performance of the duty. *Id.*

¶ 15    If a plaintiff's claim that the plaintiff has a clear right to the desired relief is dependent upon a statutory provision, and this court determines that the statutory provision does not in fact support the plaintiff's claim, then the plaintiff's claim for *mandamus* fails. *Id.* ¶ 31. Under those circumstances, dismissal of the plaintiff's claim is appropriate because the "plaintiff is unable to plead any set of facts to demonstrate a clear right to the relief sought because the statutory scheme is *contra* to the existence of plaintiff's alleged right." *Id.* This court may affirm a circuit court's

6

dismissal of a petition for *mandamus* on any basis supported by the record. See, *e.g.*, *Walker v. Monreal*, 2017 IL App (3d) 150055, ¶ 24.

¶ 16    The crux of the plaintiff's argument in this appeal is his contention that expungement of the June 4, 2004, allegations against him is required under section 701.160(h)(6) of Title 20 of the Illinois Administrative Code (Code) (20 Ill. Adm. Code 701.160(h)(6) (2014)), which governs hearing rules for major violations of disciplinary rules at county jails, and which states that if, after a hearing, jail officials issue a written decision which "finds the accused did not commit the alleged violation, all reference to the charges shall be removed from his or her file." In this case, however, the plaintiff has not presented a written decision that was issued following a hearing by jail officials on the allegations against the plaintiff. To the contrary, the plaintiff has asserted that he was not afforded a hearing, and the deposition of Joe Gulash supports the plaintiff's assertion. Because no hearing was held, and no written decision was issued that found that the plaintiff did not commit the alleged violation of the rules, section 701.160(h)(6) is not applicable to the plaintiff's case and therefore does not provide him with a clear right to *mandamus* relief. See *Beauchamp v. Dart*, 2022 IL App (1st) 210091, ¶ 31 (if plaintiff's claim that plaintiff has a clear right to the desired relief is dependent upon a statutory provision, and this court determines that the statutory provision does not in fact support the plaintiff's claim, then the plaintiff's claim for *mandamus* fails and dismissal is appropriate because "plaintiff is unable to plead any set of facts to demonstrate a clear right to the relief sought because the statutory scheme is *contra* to the existence of plaintiff's alleged right").

¶ 17    Although the plaintiff alleges on appeal that his due process rights were violated when he was denied a hearing, and when other due process requirements allegedly were not met, he does not request that a retroactive hearing that comports with the rules be held. He also does not point

to any provision of law that demonstrates that he has a clear right, as the specific remedy for the alleged violations of his due process rights, to a writ of *mandamus* ordering the defendant to expunge the June 4, 2004, allegations from the plaintiff's county jail file. To the contrary, he concedes in his opening brief on appeal that as a general rule "[c]ourts have established that the expunction of a disciplinary violation from a prisoner's record *may* be appropriate when that violation was established contrary to due process guarantees," but further concedes that "[e]xpungement of a prisoner's file lies within the equitable discretion of the court." (Emphasis added.) Accordingly, the plaintiff has again failed to demonstrate that he has a clear right to the *mandamus* relief he seeks from the defendant. See, *e.g.*, *id.* ¶ 9 (*mandamus* is an extraordinary remedy, and cannot be used to direct a public officer to reach a particular decision or to exercise the officer's discretion in a particular manner, even if previously the judgment or discretion has been erroneously exercised).

¶ 18 The plaintiff does note that section 701.160(g)(1) of Title 20 of the Code (20 Ill. Adm. Code 701.160(g)(1) (2014)), which governs prehearing rules for major violations of disciplinary rules at county jails, states that if a major rules violation is alleged, jail officials must investigate "the facts of the alleged misconduct to determine if a violation occurred and if there is cause to believe the alleged detainee committed the violation," and further states that "[i]f cause exists, a hearing date shall be scheduled." The plaintiff argues on appeal that although section 701.160(g)(1) does not provide a mechanism for expungement if no cause is found to exist—and therefore no hearing is held—an expungement requirement must be read into the section, because it would be absurd to read the section without such a requirement, as that would mean that where jail officials find that no cause exists to believe the detainee committed the violation, the allegation can remain in the detainee's file, but where, under section 701.160(h)(6), jail officials find

8

following the hearing process that the detainee did not commit the alleged violation, the allegation must be removed from the detainee's file. However, we conclude that the plaintiff's argument is not relevant to this appeal, because the plaintiff did not allege any facts in the petition related to section 701.160(g)(1)—in fact, the petition did not mention section 701.160(g)(1) at all. Accordingly, to the extent the plaintiff is attempting to argue on appeal that, because the plaintiff was not afforded a hearing, cause to believe he committed the alleged violation must not have existed, the petition does not provide factual support for such an argument. Therefore, the plaintiff has again failed to demonstrate that he has a clear right to the *mandamus* relief he seeks from the defendant. See, *e.g.*, *Dart*, 2022 IL App (1st) 210091, ¶ 8 (to survive a motion to dismiss a *mandamus* petition, plaintiff must plead facts that are sufficient to state a claim on which relief can be granted). For all of these reasons, the circuit court did not err when it granted the defendant's motion to dismiss the petition.

¶ 19                                    III. CONCLUSION

¶ 20    For the foregoing reasons, we affirm the judgment of the circuit court of Madison County.


¶ 21    Affirmed.